## McWILLIAMS *v.* SMITH *et al.,* commissioners, etc.

1. "If an amendment to the constitution has been proposed by the legislature, duly submitted to the voters of the State for ratification or rejection, and by them has been ratified, so that the amendment has become an integral part of the constitution, it can not be declared void on the ground that in some particular it does not accord with some other provision of the same instrument."

(a) "The different provisions of the constitution should be harmonized if practicable. If an amendment duly adopted necessarily conflicts with some previous provision, the amendment, being the last expression of the sovereign will of the people, will prevail as an implied modification pro tanto of the former provision."

2. The act of August 20, 1913 (Acts 1913, p. 145 et seq.) is not violative of art. 1, sec. 4, par. 1, of the constitution of 1877 (Civil Code of 1910, § 6391), as being a special law enacted in a case for which provision had previously been made by an existing general law. The constitutional amendment of 1912 (Acts 1912, p. 30), which was adopted by the people, provided for the enactment of a law creating a court or courts or system of courts in cities of twenty thousand or more inhabitants.

3. The act of 1913 above mentioned is not violative of the 14th amendment to the constitution of the United States, which declares that no State shall deprive any person of life, liberty, or property, without due process of law, or deny to any person within its jurisdiction the equal protection of the laws.

4. The act above mentioned is not violative of art. 7, sec. 6, par. 1, of the constitution of this State (Civil Code of 1910, § 6561), which prohibits

14

any county from appropriating money for or loaning its credit to any corporation, company, association, or individual, except for purely charitable purposes.

5. Nor as a whole is it violative of art. 7, sec. 6, par. 2, of the constitution of this State (Civil Code of 1910, § 6562), which declares that the General Assembly shall not have power to delegate to any county the right to levy a tax, except for certain specified purposes, one of which is for expenses of courts; inasmuch as the act establishes a system of courts under the constitutional amendment of 1912, keeping separate the section which is within the corporate limits of the City of Atlanta and in Fulton County and the section which is in such corporate limits and in DeKalb County, and provides for the payment of the expenses of the Fulton County section of the court by that county.

(a) Inasmuch as the act of 1913, establishing the municipal court of Atlanta, separating it into two sections, and authorizing the expenses of the Fulton County section to be paid from taxation in the County of Fulton, is in its main features constitutional, the superadding of a jurisdiction to sit as a court of inquiry in regard to warrants charging criminal offenses committed elsewhere than in Fulton County (should it be held to be invalid) is not such an essential part of the act as to render it unconstitutional as a whole, or to require the grant of an injunction to prevent the payment of the expenses of the Fulton County section of such court from taxation raised in that county.

6. The act of 1913 is not void as being in violation of art. 3, sec. 7, par. 8, of the constitution of this State (Civil Code of 1910, § 6437), which declares that no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof.

7. The present action was brought by a taxpayer of Fulton County, residing outside of the City of Atlanta, for the purpose of enjoining the payment of the salaries and expenses of operating the court established under the act of 1913. Attacks were made on certain special portions of that act relative to procedure. If any of them are invalid, it seems that they do not so affect the rights of a taxpayer as to authorize him to enjoin the payment of the expenses of the court as a whole, and perhaps some might be eliminated from the act without destroying it as a whole.

July 27, 1914.

Petition for injunction. Before Judge Ellis. Fulton superior court. January 24, 1914.

*Gober & Jackson,* for plaintiff. *L. Z. Rosser, Walter McElreath, A. C. King, A. G. Powell,* and *Edgar Watkins,* for defendants.

Hill, J. The legislature during the session of 1912 passed an act proposing an amendment to the constitution of the State, which was approved by the Governor on July 30th, 1912, and the proposed amendment was subsequently ratified by the people. The amendment was as follows: "There shall be in each militia district one

justice of the peace, whose official term, except when elected to fill an unexpired term, shall be four years; provided, however, that the General Assembly may, in its discretion, abolish justice courts and the office of justices of the peace and of notary public ex-officio justices of the peace in any city of this State having a population of over twenty thousand, except the City of Savannah, and establish in lieu thereof such court or courts or system of courts as the General Assembly may, in its discretion, deem necessary, conferring upon such new court, or courts, or system of courts, when so established, the jurisdiction as to subject-matter now exercised by justice courts and by justices of the peace and notaries public ex-officio justices of the peace, together with such additional jurisdiction, either as to amount or subject-matter, as may be provided by law, whereof some other court has not exclusive jurisdiction under this constitution; together also with such provision as to rules and procedure in such courts and as to new trials and the correction of errors in and by said courts, and with such further provision for the correction of errors by the Superior Court or Court of Appeals, or the Supreme Court, as the General Assembly may from time to time, in its discretion, provide or authorize. Any court so established shall not be subject to the rules of uniformity laid down in paragraph 1 of section 9 of article 6 of the constitution of Georgia." After the adoption of the amendment an act of the legislature, approved August 20th, 1913, was passed, creating the municipal court of Atlanta. The first section of the act was as follows: "Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by the authority of the same, that, effective January first, 1914, all justices' courts and the office of justice of the peace and of notary public ex-officio justice of the peace, in the City of Atlanta, Georgia, be and the same are hereby abolished, and in lieu thereof the municipal court of Atlanta is hereby created and established, with the civil and criminal jurisdiction hereinafter provided. The territorial jurisdiction of said court shall be coextensive with the corporate limits of the City of Atlanta as the same now are, or may hereafter be, defined by law; but there shall be separate sections of said court: one section for that part of the City of Atlanta within the County of Fulton, and one section for that part of said city within the County of DeKalb."

The municipal court of Atlanta was organized January, 1914.

On the 7th day of January, 1914, D. H. McWilliams filed his petition for injunction against the commissioners of roads and revenues, and H. L. Culberson, treasurer, of Fulton county, and alleged: that he was a citizen and taxpayer of Fulton county, residing at East Point, outside the limits of the City of Atlanta; that the commissioners of roads and revenues have charge of the financial affairs of Fulton county, and disburse and pay out the county funds, and audit the claims against the county; that H. L. Culberson is the county treasurer, and it is his duty to pay the warrants drawn by the commissioners; that the salary lists and expenses of the municipal court of Atlanta entail and charge a large obligation to be paid out of taxes collected from the property of the entire County of Fulton, although at least three fourths of the area of the county is without the limits of the City of Atlanta; that the levy of taxes upon the entire County of Fulton, providing for the maintenance of a local court for a portion of the county, is inequitable and unjust, and denies to plaintiff and those citizens outside of the limits of the City of Atlanta and in Fulton County the equal protection of the laws, and is without due process of law. The petition attacks the act creating the court, and the amendment to the constitution, as being in violation of many provisions of the State constitution, which will be later considered. The prayers were to restrain the chairman of the board of commissioners of roads and revenues from approving any warrant upon the treasurer of the county for claims for the salaries of the officers of the municipal court, and that H. L. Culberson, treasurer of the county, be enjoined and restrained from paying any warrant so drawn for the salaries out of the funds of Fulton County. The court refused the injunction, and the plaintiff excepted.

1. The amendment to the constitution, which was passed by the legislature at the June, 1912, session, and which was approved July 30, 1912, submitted to the people of Georgia the question of ratification of the amendment, as follows: "For ratification of amendment to Article 6, Section 7, of the Constitution, authorizing the establishment of other Courts in certain cities in lieu of Justice Courts," and, "Against ratification of amendment to Article 6, section 7, of the Constitution, authorizing the establishment of other Courts in certain cities in lieu of Justice Courts." It is insisted by the plaintiff in error that under the terms of art. 13, sec.

1, par. 1, of the constitution (section 6610 of the Civil Code), which is as follows: "Any amendment or amendments to this Constitution may be proposed in the Senate or House of Representatives; and if the same shall be agreed to by two thirds of the members elected to each of the two houses, such proposed amendment or amendments shall be entered on their journals, with the yeas and nays taken thereon. And the General Assembly shall cause such amendment or amendments to be published in one or more newspapers in each congressional district, for two months previous to the time of holding the next general election, and shall also provide for a submission of such proposed amendment or amendments to the people at said next general election; and if the people shall ratify such amendment or amendments by a majority of the electors qualified to vote for members of the General Assembly, voting thereon, such amendment or amendments shall become a part of this Constitution. When more than one amendment is submitted at the same time, they shall be so submitted as to enable the electors to vote on each amendment separately," article 6, section 7, of the constitution of the State (§§ 6523, 6524, and 6525 of the Civil Code) is the only part or portion of the constitution that was amended by the constitutional amendment, and all the other parts and portions of the constitution were left in full force and effect after the adoption of the amendment in 1912; and that paragraph 1 of section 9 of article 6 of the constitution (Civil Code of 1910, § 6527), which provides that "The jurisdiction, powers, proceedings, and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, . . and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform. This uniformity must be established by the General Assembly," was not changed or affected by the adoption of the amendment approved July 30, 1912, for the reason that no such question was ever submitted to the people of Georgia for ratification; and that the most that can be claimed under the amendment is, that it allowed the legislature to abolish justice courts and the office of justice of the peace and notaries public ex-officio justices of the peace in any city of this State having a population of over twenty thousand, except the City of Savannah, and establish in lieu thereof such court or courts or system of courts as the General Assembly, in its discretion, may deem necessary, con-

ferring upon such new court or courts or system of courts so established the jurisdiction as to the subject-matter now exercised by justice courts and by a justice of the peace, and a notary public ex-officio justice of the peace. It is not insisted that the amendment to the constitution was not constitutionally submitted to and ratified by the people, and that it is not now a part of the constitution. The question for determination is, whether the amendment changed or affected par. 1, sec. 9, art. 6 of the constitution (Civil Code of 1910, § 6527), relating to uniformity of courts, for any of the reasons urged by the plaintiff in error. In the case of *Hammond* v. *Clark*, 136 *Ga.* 314 (71 S. E. 479, 38 L. R. A. (N. S.) 77), it was held: "If an amendment to the constitution has been proposed by the legislature, duly submitted to the voters of the State for ratification or rejection, and by them has been ratified, so that the amendment has become an integral part of the constitution, it can not be declared void on the ground that in some particular it does not accord with some other provision of the same instrument. The different provisions of the constitution should be harmonized if practicable. If an amendment duly adopted necessarily conflicts with some previous provision, the amendment, being the last expression of the sovereign will of the people, will prevail as an implied modification pro tanto of the former provision." Whether there is an inconsistency between the amendment adopted in 1912 and section 6527 of the Civil Code it is not necessary now to decide. But it may be said that the amendment was evidently drawn with a view to obviate the very attack now being made on it, and the last clause in it provides that "Any court so established shall not be subject to the rules of uniformity laid down in paragraph 1 of section 9 of article 6 of the constitution of Georgia." Whether section 6527 was amended or changed by the amendment of 1912 or not, the amendment is the last expression of the sovereign will of the people; and under the ruling in the *Hammond* case, supra, the amendment will prevail as an implied modification of the former provision.

2. The second section of the act of 1913, together with several other sections of the same act, is attacked as being in violation of par. 1, sec. 4, art. 1 (Civil Code, 1910, § 6391), which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."

The second section of the act of 1913 is in part as follows: "Be it further enacted by the authority aforesaid, that, effective January 1, 1914, the office of constable in the City of Atlanta be and the same is hereby abolished." It is alleged that there is a general law for the election of two constables in each militia district of the State, and to abolish the office of constable in the militia districts of the City of Atlanta is a violation of the provision of the constitution above quoted, and that such law is void. And it is insisted that the same objection is good against section 24 of the act of 1913, which provides for the appointment of marshals with the same duties and authorities of constables; and section 16 of the act, which provides for the payment of salaries to the marshals out of the county treasury. As already pointed out in the first division of this opinion, on the first Wednesday in October, 1912, the people of the State ratified an amendment to the constitution, providing for the abolition of justices' courts and the establishing in lieu thereof, in cities containing twenty thousand or more population (except Savannah), certain courts or systems of courts. As authorized by the constitution as thus amended, the legislature passed an act, approved August 20, 1913 (Acts 1913, p. 145), and abolished justices' courts and the offices of justices of the peace and notaries public ex-officio justices of the peace in the City of Atlanta, and created in lieu thereof the municipal court of Atlanta, and defined its powers, duties, etc. We do not think that the act of 1913, in so far as it abolishes justices' courts in the City of Atlanta and creates the municipal court of Atlanta in lieu thereof, is in conflict with the provisions of the constitution prohibiting the passage of special laws in cases where there is provision by an existing general law. The act conferring jurisdiction upon the municipal court of Atlanta, by virtue of the authority of the constitutional amendment, is a general and not a special law. The power to pass the act abolishing the justices' courts and creating the municipal court was expressly conferred by the amendment to the constitution. It has been held that laws relating to a constitutional city court are general and not special laws. *Adair* v. *Ellis,* 83 *Ga.* 464, 467 (10 S. E. 117).

3. Does the amendment to the constitution and the act of 1913, as contended, violate the 14th amendment to the constitution of the United States? The language of that amendment is as follows:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." It is argued that the levy of taxes, under the act of 1913, upon the entire County of Fulton, provides for the support of a local court for a portion of Fulton county, and that such levy is inequitable and unjust, and denies to the plaintiff and those citizens living outside the City of Atlanta in Fulton County the equal protection of the laws; and that such levy would be without due process of law. It is also contended that the amendment approved July 30, 1912, by which the City of Savannah is excepted, is also in violation of the 14th amendment of the constitution of the United States, for the same reason. In *Hammond* v. *Clark*, supra, it was said: "The legislature [in pursuance of an amendment of the constitution of the State] sought to increase the salaries of judges of the superior courts in certain circuits containing the largest cities of the State, and to have the difference between what was paid to the judges from the State treasury and the amount so fixed paid from the treasuries of the respective counties in which such cities were located. The acts making such provision were declared by this court to be in violation of the constitution. An amendment to the constitution was proposed by the legislature, and ratified by the people, which changed the constitution as to the salaries of such judges for the future, and also ratified the acts of the legislature as of their respective dates." This amendment was attacked by the treasurer of the county affected by the amendment, on the ground that it was in violation of the 14th amendment of the constitution of the United States, which declares that no State shall deprive any person of property without due process of law, or deny any person the equal protection of the laws. It was held that the amendment was not void as being in conflict with the 14th amendment of the constitution of the United States. It is undoubtedly true that there must be some relation between the purpose for which the tax is levied and the taxing district. See 1 Cooley on Taxation (3d ed.), 249. There must be between the court

and the taxpayer a reciprocity of duty and obligation. If the county is the taxing district, and the purpose of the act is to support a purely municipal object, such for instance as the purchase and laying out of a city park, there is no proper relation between the purpose of the tax and those who live outside of the municipality. If the municipal court of Atlanta is to be regarded as no part of the State judicial system, but as a purely municipal project, then persons or property in Fulton County outside of Atlanta can not be taxed for its support. But, on the other hand, if the municipal court of Atlanta is to be regarded as a part of the judicial system of the county or State by virtue of the constitutional amendment, then the whole county may be taxed for its support, notwithstanding its jurisdiction is only within the municipal limits. The superior and city courts of the State are a part of the judicial system of the State. The City of Atlanta has such courts within its confines. We may infer that the legislature, acting upon the knowledge of the existence of such courts, and in order to give relief to the crowded dockets of the city and superior courts, and thus facilitate the trial of causes, established the municipal court partly as a relief of such courts. Thus the legislature in creating the municipal court of Atlanta conferred on that court jurisdiction as to subject-matters which, at the time of the adoption of the constitutional amendment, was exercised by the justices' courts and justices of the peace under the constitution and laws of the State; and in addition "jurisdiction to try and dispose of all civil cases of whatever nature, . . concurrent with the superior courts, including not only such suits as are begun by petition and process or summons, but also all other kinds of suits or proceedings which now or hereafter may be in use in the superior courts of this State, or the justices' courts, either under the common law or by statute, including, among others, attachment and garnishment proceedings, illegalities, counter-affidavits to any proceedings from said court, statutory awards, proceedings against intruders and tenants holding over, partition of personalty, trover and bail, distress warrants and issues thereon, foreclosures of all liens and mortgages on personal property, possessory warrants, and other like proceedings and processes wherein the principal sum sworn to, sued for or claimed to be due, exclusive of interest, costs, and attorney's fees, or the value of the property sued for, does not exceed $500.00, and of which jurisdiction is not

vested exclusively in other courts by the constitution of the State of Georgia, and except extraordinary remedies as defined in sections 5440 to 5505, inclusive, of the Code of 1910," etc. The act of 1913· provides for a writ of error from the appellate division of the municipal court to the Court of Appeals, which is a part of the judicial system of the State. And whether writ of error from the municipal court to the Court of Appeals, or certiorari to the superior court, which is also a part of the judicial system of the State, is the remedy in such cases, there is such a relation between the municipal court and the courts which are a part of the judicial system of the State and the taxpayers and taxing district of the entire county of Fulton that the whole county may be taxed for the support of the municipal court of Atlanta. The outlying districts in a county, particularly if sparsely settled, are exposed to the perils usually incident to a large city within the county, and are in need of police protection; and it has been held that a county may be compelled to appropriate a part of its revenue to the special needs of the police board of a city within its limits, and that an act for that purpose is liable to no constitutional objection. 2 Cooley on Taxation (3d ed.), 1297.

In his work on Constitutional Limitations, Judge Cooley says (7th ed. p. 678) : "Taxes should only be levied for those purposes which properly constitute a public burden; but what is public good and what are public purposes and what does properly constitute a public burden are questions which the legislature must decide upon its own judgment and in respect to which it is vested with a large discretion, which can not be controlled by the courts, except, perhaps, where its action is clearly evasive and where, under pretense of a lawful authority, it has assumed to exercise only what is unlawful. Where the power which is exercised is legislative in its character, the courts can enforce only those limitations which the constitution imposes under those implied restrictions which, resting in theory only, the people have been satisfied to leave to the judgment, patriotism, and sense of justice of their representatives." In *Mayor &c. of Athens* v. *Long*, 54 *Ga.* 330, Judge McCay said: "The general rule that it is not competent for the judiciary department of the government to interfere with the legislative department in the exercise of the taxing power, except in cases where it is attempted to violate the prohibitions of the constitution, is unde-

niable. Nor can we give our assent to the proposition, however respectable the authority on which it rests, that the courts may set up their notions of equality and fairness, so as to control the legislature in its judgment when the constitution contains no restriction. It is impossible that taxes shall be absolutely equal; and if there be no constitutional rule, the discretion to determine the objects and the mode of taxation must necessarily be left with that branch of the government to which the people have entrusted the power to tax." The legislature of 1913 in its discretion has authorized the payment of the salaries of the officers of the Fulton division of the municipal court of Atlanta, upon warrants approved by the chairman of the board of commissioners of roads and revenues of Fulton county, and drawn upon the county treasurer of said county. We think that there is such a relation between the district outside the city of Atlanta and the municipal court established within the City of Atlanta as that it can not be held that the provision of the constitution said to be offended has been violated by the act of 1913.

4. The plaintiff in error insists, that the act of August 20, 1913, creating the municipal court of Atlanta, and providing that the salaries of the judges, marshals, and clerks of the court are taxed against the County of Fulton, and that this charge is upon all the taxable property of the County of Fulton, is in violation of par. 1, sec. 6, art. 7 of the constitution; that the courts of justices of the peace and notaries public who are ex-officio justices of the peace of the remainder of Fulton county outside of the limits of the City of Atlanta collect their pay and get their remuneration as such officers from their costs and fees and charges prescribed by the general laws of Georgia; that the payment of the salaries and expenses of the municipal court of Atlanta is for and in behalf of the municipal corporation of Atlanta only, and that the residents and inhabitants of the City of Atlanta are benefited thereby; and that for this reason the act of August 20, 1913, establishing the municipal court of Atlanta, in so far as it attempts to place the salary and expense accounts upon the County of Fulton, is in violation of par. 1, sec. 6, art. 7 of the constitution of the State of Georgia, which is embraced in § 6561 of the Civil Code, and which is as follows: "The General Assembly shall not authorize any county, municipal corporation, or political division of the State to become a stockholder in any company, corporation, or association, or to appropriate money for or to

loan its credit to any corporation, company, association, institution, or individual, except for purely charitable purposes." The act of 1913 does not come within the prohibition of art. 7, sec. 6, par. 1, of the constitution, above quoted (Civil Code of 1910, § 6561).

5.    It was contended that the act of 1913 was violative of article 7, section 6, paragraph 2, of the State constitution (Civil Code of 1910, § 6562), which provides that the General Assembly shall not have power to delegate to any county the right to levy a tax, except for certain purposes, one of which is "expenses of courts," on the ground that the municipal court was not a county court of Fulton County or one for the expenses of which county taxation could be levied; and on the ground that section 35(b) of that act authorized the Fulton County section of the municipal court to hold courts of inquiry under warrants charging offenses to have been committed elsewhere than in the county of Fulton. The general legislative scheme, as appears from the act of 1913, was to create a municipal court for the City of Atlanta, with two sections, one within the City of Atlanta in Fulton County, and one within the City of Atlanta in DeKalb County. The constitutional amendment of 1912 made no provision for the payment of the expenses of the court therein provided for. The act of 1913 sought to provide for the expenses of the DeKalb section by authorizing the officers of that section to be compensated by collecting the fees allowed by law to justices of the peace and constables prior to the adoption of the amendment to the constitution and the act of 1913. It will be borne in mind that the municipal court of Atlanta has no jurisdiction over purely municipal affairs. It is a court, with increased jurisdiction, substituted by constitutional authority for justices' courts within cities having a population of twenty thousand and over (except Savannah); and justices' courts are constitutional courts forming a part of the judicial system of the State, and the expenses of them are sustained in part by fees and in part by taxes collected from the citizens of the counties on property within those counties. Thus, in addition to the fees authorized by law to be collected by the officers of those courts, the county authorities having charge of county revenues are authorized, upon recommendation of the grand jury, to erect suitable court-houses in the militia districts of the State and levy a tax for that purpose. Civil Code (1910), § 4706. The same authorities are also authorized to provide, at the expense of the coun-

ties, dockets and indexes at cost for justices of the peace and notaries public ex-officio justices of the peace. Civil Code, § 4708. As already pointed out, the constitution authorizes the counties to levy a tax for the "support of courts," and the municipal court of Atlanta was substituted for a portion of the courts which were formerly a part of the judicial system of courts, and was thus itself, by the legislature, established as a part of the judicial system of courts. But this does not authorize the levying of taxes on a citizen of one county for the support of a court in another county, in the absence of some provision in the constitution for that purpose. It does not appear that any authority was granted, or effort made, to levy and collect taxes in DeKalb County for the support of the DeKalb section of the municipal court, or for the support of the Fulton section exercising jurisdiction in DeKalb County within the municipal limits of Atlanta.

We do not consider of any importance the argument that the court may or may not be self-sustaining in a financial way. Courts of justice are not created for financial gain. They are a necessary branch of government for the protection of life, liberty, and property; and the fact that a court may not by fines and forfeitures receive enough money from delinquents to pay the current expenses of the court and its officers is no argument in favor of declaring the act creating the court void. Mere cost can not be considered in the administration of justice. All forms of government for the protection of society are expensive, and the burden of maintaining them may be laid upon the citizen and his property by taxation. It is true that courts should be conducted as economically as may be consistent with the proper enforcement of the law. The levy and collection of taxes are necessary to the maintenance of courts, and the legislature elected by the people is invested with the discretion to levy taxes and appropriate money within the limitations imposed by the constitution, and has the power to pass laws for the purpose of creating and maintaining the courts. And the courts will not interfere with the exercise of the taxing power, unless it violates some provision of the constitution or the laws of the State.

The other ground of attack made upon the act of 1913, under the section of the constitution above cited, is because of the inclusion of that act of section 35(b) in reference to holding courts of inquiry. That section is somewhat complicated and not altogether clear.

But if it undertakes to add to the legitimate jurisdiction of the Fulton County section of the municipal court a further jurisdiction which can not be constitutionally sustained, this is a mere incident, and should not operate to invalidate the entire act. We have seen that the court or system in its general characteristics is constitutional, and that the Fulton County section is so separated from that in DeKalb County that it can be legitimately supported by taxes levied in Fulton County. If, therefore, in its main and essential features we have a court created by an act of the legislature in pursuance of the constitutional amendment of 1912, the expenses of which can legitimately be paid by taxes in Fulton County levied for the expenses of courts (so far as the Fulton County section is concerned), and if the legislature has sought to superadd to this lawfully established court a jurisdiction to try certain cases as a court of inquiry which can not be legitimately so tried, this particular feature of the act may be declared invalid, if the question is properly made, without destroying the act as a whole or destroying the court as a whole because of such superadded feature.

6. It is contended that the act of 1913 violates the provision of the constitution (Civil Code, § 6437) which declares that no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof. The act does not contain matter different from what is expressed in the title. The title of the act is as follows: "An act to carry into effect in the City of Atlanta the provisions of the amendment to paragraph 1 of section 7 of article 6 of the constitution of the State of Georgia, ratified October 2d, 1912, relating to the abolition of justice courts and the office of justice of the peace and of notary public ex-officio justice of the peace in certain cities, and the establishment in lieu thereof of such court or courts, or system of courts, as the General Assembly may deem necessary; and, in pursuance thereof, to abolish all justice courts and the office of justice of the peace in the City of Atlanta, Georgia, and to establish in lieu thereof the municipal court of Atlanta in the City of Atlanta; to define its jurisdiction and powers; to provide for the appointment, qualifications, duties, powers, and compensation of the judges and other officers thereof; to provide for pleading and practice and rules of procedure and new trials therein and appeals and writs of error therefrom; to abolish the office of constable in said

city; to provide for separate sections of said court; to define the territorial jurisdiction of each section, and the jurisdiction of said sections as to amount and subject-matter; and for other purposes."

It is contended that the title to the act purporting to establish a municipal court for the City of Atlanta establishes a court for that part of Atlanta in the County of DeKalb with different powers and jurisdiction, and entirely independent of the municipal court of Atlanta, and with different qualifications of the judges of the court, etc., and that the act establishes two entirely different and independent courts, and therefore is unconstitutional and void. The whole scheme and purpose of the act is to establish a municipal court within the City of Atlanta, and that is what the act purports to do. The fact that the court so created has jurisdiction in territory in DeKalb County within the City of Atlanta, or that the jurisdiction of the division of the court in DeKalb County is different from that in Fulton, does not make the act void for the reason that the act contains matter different from that expressed in the title, or for the reason that the qualifications of the judges in the DeKalb division of the court are different from those in the Fulton division. The amendment to the constitution conferred on the legislature the power to establish, instead of the abolished justices' courts, "such court or courts or system of courts as the General Assembly may, in its discretion, deem necessary." Acts 1912, p. 30. See *Mayor* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247) ; *Richardson* v. *Macon,* 132 *Ga.* 122 (63 S. E. 790) ; *Clark* v. *Black,* 136 *Ga.* 812 (72 S. E. 251). The one subject-matter in the title of the act of 1913 was the abolition of justices' courts, and the office of justice of the peace and of notary public ex-officio justice of the peace, in the City of Atlanta, and the establishment of a municipal court in lieu thereof in those militia districts lying within the City of Atlanta. While the act is an extensive one and goes into many details in order to carry out its purposes, the matter in the body of the act corresponds with the purposes stated in the title.

7. The petitioner was a taxpayer residing in Fulton County outside of the City of Atlanta. The purpose of the suit was to enjoin the payment of the salaries of the officers of the municipal court of Atlanta, and the payment of the expenses of operating the court under the act of 1913. Certain portions of the act were attacked relatively to the method of procedure in the municipal court

of Atlanta. Even if any of these provisions are invalid, they do not so affect the rights of a taxpayer living outside the limits of the municipality in which the court is situated as to authorize him to enjoin the payment of the expenses of the court as a whole. If some portions of the act relating to the court's proceedure are invalid, this would not destroy the act as a whole.

*Judgment affirmed. All the Justices concur.*