## GRIFFIN *v.* SISSON.

1. The constitutional amendment of 1912 authorized the abolition of justices' courts in certain cities, with authority in the legislature to establish in lieu thereof municipal courts, with provision for the correction of errors in and by such courts by the superior court, or Supreme Court, or Court of Appeals. The act creating the municipal court of Atlanta (Acts 1913, p. 145) provided for a writ of error to the Court of Appeals. The constitutional amendment of 1916 allows writs of error to the Supreme Court and Court of Appeals only from superior courts, and from the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities. The municipal court of Atlanta is not a court like the city court of Atlanta or that of Savannah. The provision of law for a writ of error from the municipal court of Atlanta to the Court of Appeals is repealed by the amendment of 1916.
2. The Court of Appeals is without jurisdiction to hear and decide any case pending in that court on writ of error from the municipal court

of Atlanta. Where a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law.

No. 139. APRIL 10, 1917.

Questions certified by Court of Appeals (Case No. 7269).

*J. R. Bedgood, Albert Kemper,* and *J. S. James,* for plaintiff in error. *Alvin L. Richards,* contra.

EVANS, P. J. 1. The Court of Appeals certified to this court the question of the effect of the constitutional amendment of 1916, defining the jurisdiction of the Court of Appeals, upon so much of the act of 1913 (Acts 1913, p. 145) establishing the municipal court of Atlanta as authorizes a writ of error from that court to the Court of Appeals in virtue of the constitutional amendment of 1912, empowering the General Assembly to establish municipal courts in cities having a population of over 20,000, with provision for the correction of errors by the superior court, or the Court of Appeals or the Supreme Court, as the General Assembly in its discretion may authorize. The answer to this query depends upon a holding whether there is such repugnance between the constitutional amendments of 1912 and 1916 that the latter amendment impliedly repeals the provisions of the former so far as the jurisdiction of the Court of Appeals to entertain writs of error from a municipal court is affected. This court has held: "If an amendment to the constitution has been proposed by the legislature, duly submitted to the voters of the State for ratification or rejection, and by them has been ratified, so that the amendment has become an integral part of the constitution, it can not be declared void on the ground that in some particular it does not accord with some other provision of the same instrument. The different provisions of the constitution should be harmonized if practicable. If an amendment duly adopted necessarily conflicts with some previous provision, the amendment, being the last expression of the sovereign will of the people, will prevail as an implied modification *pro tanto* of the former provision." *Hammond* v. *Clark,* 136 *Ga.* 313 (71 S. E. 479, 38 L. R. A. (N. S.) 77); *McWilliams* v. *Smith,* 142 *Ga.* 209 (82 S. E. 569). Prior to the establishment of the Court of Appeals by the constitutional amendment of 1906, the Supreme Court was the sole reviewing court in this State, and was created "for the trial and correction of errors from the superior courts, and from the city courts of Atlanta and Savannah and such

other like courts as may be hereafter established in other cities."
The purpose of the establishment of the Court of Appeals was to
relieve the congestion of business in the Supreme Court, by the
creation of another court of review. By the constitutional amend-
ment of 1906 the Supreme Court was given jurisdiction to correct
"errors in·law and equity from the superior courts in all civil cases,
whether legal or equitable, originating therein or carried thereto
from the court of ordinary, and in all cases of conviction of a capi-
tal felony, and for the determination of questions certified to it by
the Court of Appeals." By the same amendment the Court of Ap-
peals was given "jurisdiction for the trial and correction of errors
in law and equity from the superior courts in all cases in which
such jurisdiction is not conferred by this constitution on the
Supreme Court, and from the city courts of Atlanta and Savannah
and such other like courts as have been or may be hereafter es-
tablished in other cities; and in such other cases as may hereafter
be prescribed by law; except that where, in·a case pending in the
Court of Appeals, a question is raised as to the construction of a
provision of the constitution of this State or of the United States,
or as to the constitutionality of an act of the General Assembly of
this State, and a decision of the question is necessary to the de-
termination of the case, the Court of Appeals shall so certify to
the Supreme Court, . . which, after having afforded to the
parties an opportunity to be heard thereon, shall instruct the
Court of Appeals on the question so certified, and the Court of
Appeals shall be bound by the instruction so given." It will thus
be seen that the cleavage of jurisdiction was made to turn in part
on the origin of the case; whether from a superior·court or the
.court of ordinary, or from an inferior court, such as a city or
justice court. The amendment of 1912 authorized the legisla-
ture to establish municipal courts in cities of a certain size, and to
provide writs of error either to the Supreme Court or the Court
of Appeals or to the superior court. Agreeably to this amend-
ment the municipal court of Atlanta was established, and a writ
of error was given to the Court of Appeals. The published vol-
umes of the reports of that court show that the Court of Appeals
has entertained writs of error from the municipal court of Atlanta
in a large number of cases, and that the business of that court has
been largely increased thereby. The General Assembly appreci-

ated the difficulty, if not impossibility, of that court performing its constitutional task with the number of judges allotted to do the work, and undertook to deal with the situation by increasing the number of judges to six. Acts 1916, p. 56. This legislation was manifestly considered to be only a temporary expedient, and to be regarded more as a symptomatic remedy than as an organic treatment of a serious condition. The necessity of relieving the congestion of business in the Supreme Court and the Court of Appeals was considered by the same session of the General Assembly, and to fully meet the situation a constitutional amendment was proposed. Acts 1916, p. 19. The general scope of this amendment is to allow writs of error to the Supreme Court and the Court of Appeals only from the superior courts, and from the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities; and the jurisdiction of the Supreme Court and of the Court of Appeals to entertain writs of error from these courts is dependent on the nature of the subject-matter under review. That is to say, the the Supreme Court shall have jurisdiction "in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting title to land; in all equity cases; in all cases which involve the validity of, or the construction of wills; in all cases of conviction of a capital felony; in all habeas-corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases; and in all cases certified to it by the Court of Appeals for its determination." And the Court of Appeals shall have jurisdiction over writs of error from the same courts "in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law." This analysis of the amendment of 1916 makes it clear that a writ of error will not lie to either reviewing court from any court except a superior court or the city courts of Atlanta and Savannah and courts like them. The municipal court of Atlanta is not a like court to the city court of Atlanta. A court to be one like the city court of Atlanta

and Savannah must not only be located at a county seat, which has been incorporated as a city, but must have jurisdiction to try criminal cases below the grade of felony and civil jurisdiction over a portion or all of those classes of cases the jurisdiction over which is not by the constitution exclusively vested in some other court, with territorial jurisdiction in both civil and criminal cases either throughout the limits of the county, or jurisdiction in one class of cases limited to the city, and in the other class coextensive with the limits of the county, with a jury of twelve to try all cases, both civil and criminal, if a trial by jury is demanded. *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857). The municipal court of Atlanta differs widely from the city court of Atlanta, and is not a court like the city court of Atlanta and never was intended to ·be such. We think it was the manifest intention of the people, as expressed in the constitutional amendment of 1916, to permit writs of error only from superior courts and the city courts of Atlanta and Savannah and like city courts, and that the provision in the amendment of 1912, authorizing the legislature to provide for writs of error from municipal courts, by necessary implication was repealed by that amendment.

2. The next question involves the jurisdiction of the Court of Appeals to decide cases pending before it on writ of error from the municipal court of Atlanta at the time of the adoption of the constitutional amendment of 1916. A party to a suit has no vested right to an appeal or writ of error from one court to another. The right of appeal is not a common-law right, but depends on written law; and the same authority which bestowed the privilege may withhold it. Eastman *v.* Gurrey, 14 Utah, 169 (46 Pac. 828); Ex parte McCardle, 7 Wall. 506 (19 L. ed. 264). If a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law. U. S. *v.* Boisdoré's Heirs, 8 How. 113 (12 L. ed. 1009); Railroad Co. *v.* Grant, 98 U. S. 398 (25 L. ed. 231). In the last-cited case Congress conferred jurisdiction on the United States Supreme Court to review final judgments rendered in the Supreme Court of the District of Columbia, where the matter in dispute was of the value of $1000 or upwards. Under this act a writ of error to a judgment of the last-named court, where the matter in dispute was $2250, was pending in the United States Supreme Court. While the writ of

error was so pending Congress passed an act to the effect that a final judgment or decree of the Supreme Court of the District of Columbia, in any case where the matter in dispute exceeded the value of $2500, might be re-examined in the Supreme Court of the United States upon writ of error or appeal; and it was held that the jurisdiction conferred by the former act was taken away by the later act, and the writ of error was dismissed. In the opinion the Chief Justice said: "The act of 1879 is undoubtedly prospective in its operation. It does not vacate or annul what has been done under the old law. It destroys no vested rights. It does not set aside any judgment already rendered by this court under the jurisdiction conferred by the Revised Statutes when in force. But a party to a suit has no vested right to an appeal or a writ of error from one court to another. Such a privilege once granted may be taken away; and if taken away, pending proceedings in the appellate court stop just where the rescinding act finds them, unless special provision is made to the contrary. The Revised Statutes gave parties the right to remove their causes to this court by writ of error and appeal, and gave us the authority to re-examine, reverse, or affirm judgments or decrees thus brought up. The repeal of that law does not vacate or annul an appeal, or a writ already taken or sued out, but it takes away our right to hear and determine the cause if the matter in dispute is less than the present jurisdictional amount. The appeal or the writ remains in full force, but we dismiss the suit, because our jurisdiction is gone." The jurisdiction of the Court of Appeals no longer exists to correct judgments rendered in the municipal court of Atlanta. It has been taken away by the constitutional amendment of 1916, and that court must dismiss all writs of error from the municipal court of Atlanta. It is immaterial to decide whether the amendment of 1916 became effective on the day of the election when it was ratified by the people, or on the day of the Governor's proclamation, as both of these dates are in the past. We are dealing with the present, and the Court of Appeals at this time has no jurisdiction to decide any case pending before it on writ of error from the municipal court of Atlanta, irrespective of the time when such writ of error was sued out.                                *All the Justices concur.*