33554, 33560. YATES *v.* OWENS; and *vice versa.*

DECIDED SEPTEMBER 12, 1951.

*Ed Wohlwender Jr., J. Walter Owens Jr.,* for plaintiff in error.
*Blanchard B. Battle Jr., Paul Blanchard,* contra.

WORRILL, J.   This case comes to this court upon a writ of error from the Municipal Court of Columbus.   The defendant has made a motion to dismiss the writ of error on the ground that this court does not have jurisdiction to entertain direct exceptions from that court.

By the constitutional amendment of 1912 (Art. VI, Sec. 7, Par. I) proposed by the legislature in 1912 and ratified on October 2, 1912, the legislature was given the power to abolish justice courts in cities having a population of 20,000 persons or over and establish in lieu thereof such court, courts, or system of courts with the same jurisdiction as then exercised by justice courts and such additional jurisdiction as may be provided by law, consistent with other provisions of the Constitution, and with such provision for the correction of errors committed in such courts by the superior courts, Court of Appeals or the Supreme Court as the General Assembly may from time to time in its discretion provide or authorize, and by the same amendment the General Assembly was given substantially the same authority as to entire counties for any county having within its borders a city with 20,000 or more population.

Pursuant to this authority the General Assembly, in 1915 enacted a law creating the Columbus Municipal Court (Ga. Laws, 1915, p. 63, et seq.).   Section 26(c) of that act provided for direct appeals from the Municipal Court of Columbus to the Court of Appeals.

In 1916 the General Assembly proposed (Ga. Laws, 1916, p. 19 and 20), and the people ratified on November 7th, 1916, an amendment to the Constitution which limited the right of direct appeal to the Court of Appeals and to the Supreme Court to cases originating in the superior courts and in the city courts

of Atlanta and Savannah, "and such other like courts as have been or may hereafter be established in other cities." This latter amendment has been held to have impliedly repealed the 1912 amendment insofar as it permitted appeals direct from legislative courts other than those enumerated in the latter amendment. *Griffin* v. *Sisson*, 146 *Ga.* 661(1) (92 S. E. 278).

Thereafter, in 1927 the General Assembly passed an act proposing another amendment to the Constitution of 1877 (Ga. Laws, 1927, p. 117), which by its terms substantially revived the amendment of 1912, insofar as the legislature was given authority to fix the jurisdiction of the Court of Appeals and the Supreme Court to hear appeals direct from courts other than those enumerated in the 1916 amendment. This latter amendment, like the 1912 amendment merely permits the General Assembly to establish such court, courts or system of courts in lieu of justice courts as it sees fit, and permits the legislature to provide for review of the judgments, rulings and orders of such courts by the superior courts, Court of Appeals and Supreme Court. It will thus be observed that this latter amendment, like the 1912 amendment, is not self-operating, but requires the General Assembly to do something before its provisions could become operative.

After the ratification of the 1927 amendment by the voters, the General Assembly passed a bill (Ga. Laws, 1929, p. 387) to carry into effect within the limits of Muscogee County the provisions of this latter amendment. By this act the jurisdiction of the Municipal Court of Columbus was enlarged somewhat, but there is no mention therein of the right of appeal to this court, and no act relating to that court, since passed, has mentioned or granted such right.

The provisions of both of these amendments, that is those of 1916 and 1927 are embodied in the present Constitution as Art. VI, Sec. 2, Par. IV (Code, § 2-3704), and Art. VI, Sec. 7, Par. I (Code, § 2-4201). The sole question presented by the motion to dismiss the writ of error on the grounds of jurisdiction is whether the amendment of 1927, being the last expression of the will of the people and thus impliedly repealing the provisions of the 1916 amendment, and impliedly reviving the 1912 amendment, at the same time impliedly revived that part of the acts

establishing the Municipal Court of Columbus providing for a direct appeal to the Court of Appeals therefrom. It is conceded that the legislature, as to the Municipal Court of Columbus, has not, since the ratification of the 1927 amendment, re-enacted the provisions of the first act relating to such direct appeals.

An examination of the various acts creating or pertaining to the Municipal Court of Columbus reveals that that court is not a court like the City Courts of Atlanta and Savannah (*Griffin v. Sisson,* supra, p. 664, 665), and unless some express provision of law gives litigants in that court the right of direct appeal to this court, such right does not exist.

The constitutional amendment of 1927 which inferentially revived the 1912 amendment merely authorizes the General Assembly to abolish justice courts in certain cities and counties and in its discretion to establish in lieu thereof such court, courts, or system of courts as it deems necessary, and to provide for the manner of the correction of errors in that court by the grant of new trials, appeal to the superior courts, Court of Appeals and Supreme Court. Assuming this to be the last expression of the will of the people on the subject, it does not by its terms and without some action on the part of the General Assembly give rights or establish procedures where none existed before. Under such circumstances, the mere fact that under a similar constitutional provision at some time in the past the right of direct appeal from the Municipal Court of Columbus existed, does not justify the assumption that it was the intention of the people in ratifying the 1927 amendment or in ratifying the 1945 Constitution to restore this right of direct appeal without some further action on the part of the General Assembly. Under such circumstances, the General Assembly, having as yet failed to grant this right to litigants in that court, we must conclude that it does not exist. This court, therefore, has no jurisdiction to hear this appeal, and the writ of error on the main bill and on the cross-bill must be dismissed.

*Writ of error on the main bill and on the cross-bill of exceptions dismissed. Sutton, C.J., and Felton, J., concur.*