21401. CASON v. STATE OF GEORGIA, by WHALEN, Solicitor-General, et al.

HEAD, Presiding Justice. 1. The proposed amendment of 1960 (Ga. L. 1960, pp. 1259-1261) was duly adopted in the General Election of November, 1960. It is not subject to the objection of the intervenor that it violates the Constitution, Art. XIII, Sec. I, Par. I (Code Ann. § 2-8101). The amendment deals with only one subject matter, the establishment of area schools, which under the amendment can be established only by contract between counties, or municipalities, or a county and a municipality, or combination thereof. The amendment is germane to the provisions of Art. VII, Sec. VI, Par. I of the Constitution (Code Ann. § 2-5901), pertaining to the contractual powers of counties and municipalities.

2. The other attacks of the intervenor are based on the contention that the amendment conflicts with, and is not in harmony with, other stated provisions of the Constitution. "The different provisions of the Constitution should be harmonized if practicable. If an amendment duly adopted necessarily conflicts with some previous provision, the amendment, being the last expression of the sovereign will of the people, will prevail as an implied modification pro tanto of the former provision." Hammond v. Clark, 136 Ga. 313 (10a) (71 SE 479, 38 LRA (NS) 77); McWilliams v. Smith, 142 Ga. 209 (82 SE 569); Griffin v. Sisson, 146 Ga. 661 (92 SE 278); Clements v. Powell, 155 Ga. 278 (5) (116 SE 624); DeJarnette v. Hospital Authority of Albany, 195 Ga. 189 (23 SE2d 716).

3. The judge of the superior court did not err in dismissing the intervention and in entering the judgment of validation.

Judgment affirmed. All the Justices concur.

SUBMITTED SEPTEMBER 13, 1961—DECIDED OCTOBER 5, 1961.

Johnnie L. Caldwell, for plaintiff in error.

Andrew J. Whalen, Jr., Solicitor-General, Holliman & Adams, Kelley & Mobley, contra.

Andrew J. Whalen, Jr., as Solicitor-General of the Griffin Judicial Circuit, filed a petition for the validation of Area Vocational School Bonds to be issued by Upson County in the

amount of $250,000, pursuant to the provisions of a Constitutional amendment proposed by the General Assembly in 1960 (Ga. L. 1960, pp. 1259-1261), amending Art. VII, Sec. VI, Par. I, which amendment was duly adopted in the General Election on November 8, 1960. The area school proposed and to be established is pursuant to a contract or agreement between the City of Thomaston and the County of Upson.

Thomas H. Cason, as a resident, citizen, and taxpayer of the City of Thomaston and Upson County, filed an intervention as a party defendant on his own behalf and on behalf of other citizens and taxpayers similarly situated. The intervenor admitted the material allegations of the petition, and by way of further response asserted: The 1960 amendment is wholly unrelated to the contract provisions of Art. VII, Sec. VI, Par. I of the Constitution (*Code Ann.* § 2-5901), and the amendment was therefore improperly submitted to the voters and is without legal force and effect. The amendment is void in that it contravenes Art. XIII, Sec. I, Par. I of the Constitution (*Code Ann.* § 2-8101) which requires that amendments be separately submitted. The amendment as submitted seeks not only to amend the Constitution, Art. VII, Sec. VI, Par. I (*Code Ann.* § 2-5901), but also seeks to amend other quoted provisions, to wit: Art. VIII, Sec. V, Par. I (*Code Ann.* § 2-6801); Art. VIII, Sec. VII, Par. I (*Code Ann.* § 2-7001); Art. VII, Sec. IV, Par. I (3) (*Code Ann.* § 2-5701); and Art. VII, Sec. VII, Par. I (*Code Ann.* § 2-6001). It is asserted that the contract is repugnant to the existing provisions referred to, and except for the right to contract, the amendment can not be construed in harmony with other existing provisions of the Constitution. The amendment is discriminatory and void for the further reason that it violates the Constitution, Art. I, Sec. I, Par. II (*Code Ann.* § 2-102) which provides for protection to persons and property.

The intervention was filed on July 24, 1961. A written motion to dismiss the intervention was filed on July 27, 1961. On the same date the judge of the superior court passed an order wherein it was recited that the objections of the intervenor were without merit in law or in equity, and the intervention was expressly overruled and dismissed.

The intervenor excepts to the judgment overruling his objections and to the order and judgment confirming and validating the bonds.