23337. DEASON v. DeKALB COUNTY.

ARGUED MARCH 15, 1966—DECIDED APRIL 7, 1966—
REHEARING DENIED APRIL 19, 1966.

*E. T. Hendon, Jr.,* for appellant.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellee.

QUILLIAN, Justice. ■ We are of the opinion that an employee with tenure under a civil service or merit system Act, where he was wrongfully discharged, may maintain a suit against the county for his wages even though the statute does not expressly authorize such suit.

Counties are empowered to sue or be sued in any court. *Code* § 23-1501, but "a county is not liable to suit for any cause of action unless made so by statute." *Code* § 23-1502. However, an exception exists where a county breaches a contract it was authorized by law to undertake. As stated in *Decatur County v. Praytor, Howton & Wood Contr. Co.,* 163 Ga. 929, 934 (137 SE 247): "Whenever a county is made liable by statute for a demand, or is authorized by statute to contract, and in pursuance of such power does contract, then an action will lie against it to enforce such liability, or to enforce any rights growing out of such contract, although there is no statute expressly authorizing the bringing of an action for such purpose. . . . In other words, a county can always be sued upon any liability against it created by statute, or for breach of any valid contract which it is authorized by law to make." *Harris County v. Brady,* 115 Ga. 767 (1) (42 SE 71); *Washington County v. Sheppard,* 46 Ga. App. 240 (1) (167 SE 339).

"Liability to suit may be shown by indicating that the claim arises. . . as an incident in the performance of an undertaking by the county authorized by statute." *Fulton County v. Gordon Water Co.,* 37 Ga. App. 290 (1) (140 SE 45). A petition sufficiently shows the suit is brought under a particular statute when the facts alleged clearly show the plaintiff's right to recovery under the provisions of the statute. Here the county

was authorized to enter into employment agreements both by the statute, Ga. L. 1956, p. 3111, enacted under authority of the constitutional amendment, Ga. L. 1949, p. 2137, ratified November 7, 1950, and by the general law pertinent thereto, *Code* §§ 23-1401, 23-1402 and 23-1409. The petition alleges the plaintiff was employed and obtained a permanent status under the law and the regulations promulgated by the county commissioners. Under such circumstances the county is subject to suit.

While *Code* § 23-1701 provides that all contracts entered into by the governing authority with other persons in behalf of the county shall be in writing and entered on the minutes, this court has held that the payment of salaries of county officials and employees is not contractual within the provisions of this Act. *Templeman v. Jeffries,* 172 Ga. 895 (159 SE 248); *First Nat. Bank v. Mann,* 211 Ga. 706 (2) (88 SE2d 361).

■ The respondent in certiorari contends there are other reasons why the decision of the Court of Appeals was correct and thus poses two additional questions for our determination.

(a) Counsel for the respondent urges that *Code* § 23-1407 provides: "The terms for which said county police shall be elected or appointed shall be left to the discretion of the commissioners or ordinaries and such county police or any member thereof may be removed from office at any time at the will of the commissioners or ordinaries, with or without cause." Hence, the Act of 1956 is a special law contrary to the terms of a general law and must yield. Art. I, Sec. IV, Par. I of the Georgia Constitution (*Code Ann.* § 2-401).

The Act of 1956 was enacted pursuant to a constitutional amendment, Ga. L. 1949, p. 2137, ratified November 7, 1950. Even the fact that an amendment to the Constitution differs radically from the provisions of existing parts of that document does not render the amendment ineffectual or invalid. *Clements v. Powell,* 155 Ga. 278 (5) (116 SE 624); *Cason v. State of Ga.,* 217 Ga. 339 (2) (122 SE2d 232). The constitutional prohibition that "no special law shall be enacted in any case for which provision has been made by an existing general law" is not applicable to a situation where, subsequent to the enactment

of a general law, another law is passed pursuant to a constitutional amendment. *McWilliams v. Smith,* 142 Ga. 209 (1, 2) (82 SE 569); *Barnard v. Dupree,* 149 Ga. 796 (102 SE 422).

Moreover, even if the 1956 Act be treated as a special law, it was one dealing with the powers and duties of county commissioners. There is no requirement as to uniformity where the duties and powers of county commissioners are concerned. *Smith v. Duggan,* 153 Ga. 463, 465 (12 SE 458); *Bowen v. Lewis,* 201 Ga. 487, 489 (40 SE2d 80); *Hutchins v. Candler,* 209 Ga. 415, 418 (73 SE2d 191); *Mathew v. Ellis,* 214 Ga. 665, 666 (107 SE2d 181); *Wilson v. Jones,* 218 Ga. 706, 709 (130 SE2d 227). See Art. VI, Sec. XVII, Par. I and Art. XI, Sec. I, Par. VI of the Georgia Constitution (*Code Ann.* §§ 2-5201, 2-7806). Thus, even though a general law provided the manner for discharging county police by the county commissioners, a special law relating to this subject in DeKalb County would be valid.

(b) It is contended that DeKalb County, not being a party to the former action, would not be bound by the decision of the Court of Appeals in that case. Such contention overlooks the plain intent of the 1956 Act which makes the merit council the right arm or alter ego of the county insofar as employees of the county are concerned. Section 5 of the Act provides: "The decision of the council shall be binding upon the governing authority of said county as to whether such dismissal was for proper cause." Ga. L. 1956, pp. 3111, 3115. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue. . . ." *Code* § 110-501. The ruling of the Court of Appeals which controlled the action of the merit council would be binding upon the county.

*Judgment reversed. All the Justices concur.*