## WILLIAMS *et al. vs.* McDANIEL, governor.

1. Where an indictment was found in the superior court, charging the defendant with a misdemeanor, and he gave bond for his appearance to answer the charge in that court, if the case was subsequently transferred to the county court, the securities on the bond were bound for the appearance of their principal in the latter court; and, on his failure to appear there upon the call of the case, the county judge could proceed to forfeit the bond, if not beyond his jurisdiction in amount.

2. Where a criminal recognizance was forfeited in a county court, and an appeal was taken to the superior court, this suspended the judgment and opened the case to a full hearing on all the issues made, and the securities on the bond could defend against the forfeiture, except as to costs, by showing that since the judgment in the county court, the principal had been tried for the offense with which he was charged in the county court and acquitted.

(a.) The evidence offered was considered as if there had been pleadings to authorize it, and was rejected.

April 27, 1886.

Criminal Law. Bonds. County Court. Principal and Surety. Before Judge LAWSON. Morgan Superior Court. September Term, 1885.

Reported in the decision.

McHENRY & McHENRY; FOSTER & BUTLER, for plaintiffs in error.

ROBERT WHITFIELD, solicitor general, by J. H. LUMPKIN; W. R. MUSTIN, county solicitor, for defendant.

Williams *et al. vs.* McDaniel, governor.

HALL, Justice.

The principal defendant was indicted for a misdemeanor in Morgan superior court, and entered into a recognizance with the other defendants as his bail, conditioned for his appearance at that court. Subsequently the case was by order transmitted to the county court, and upon being called there, and the party failing to appear, the recognizance was estreated, and on this judgment *nisi* of forfeiture a *scire facias* issued, which was served upon the bail, who appeared, and, in response to the writ, showed for cause why a final judgment of forfeiture should not be rendered against them:

(1.) That the county court had no jurisdiction to estreat their recognizance, in that it appeared from said obligation that they undertook to have their principal before the superior court, and not before the county court; and their demurrer to this effect being overruled, they then filed a plea,

(2.) Denying the facts set forth in the *scire facias*, that they had been duly notified and apprised, or had been served by any officer with notice of the transfer of the indictment from the superior court to the county court, and averring that their principal did appear at the term of the superior court at which they obligated themselves he should appear, in accordance with the condition of the recognizance.

On demurrer, this plea was held insufficient, and judgment was awarded on the *scire facias* against them, and thereupon they appealed to the superior court, and when the case was called there, they offered evidence to show that, pending the appeal, their principal had appeared in the county court, and had been tried for the offense charged against him in the indictment, of which he had been fully acquitted and discharged. The bail filed no plea setting forth these facts occurring since the last continuance of the

cause, but the court treated their offer of proof the same as though they were regularly pleaded, and rejected the evidence.

1. We think there was no error in overruling the demurrer and dismissing the plea by the superior court, as had been done in the lower court.

The act of the general assembly establishing county courts (Code, §314) provides for the transfer of cases of misdemeanor pending in the superior court, together " with the papers of all sorts connected with such cases," to the county court, and when this is done, commands the county judges to proceed with them according to the provisions of the law. The same law provides (Code, §300) that the county judge may determine all forfeitures, unless the amount is beyond his jurisdiction, when " the bond shall be turned over to be forfeited by the superior court." These enactments entered into and formed a part of the condition attached to this recognizance, just as if their requirements had been in terms written out and incorporated therein. Bronson *vs.* Kinzie, 1 Howard R., 311.

2. But we think there was error in overruling the defence set up as to the trial and acquittal of the principal pending the appeal. The judgment appealed from was in no legal sense final. Until that appeal was disposed of, the case on the *scire facias* was undetermined, and there could be no final judgment of forfeiture. The appeal opened the case to a full hearing on all the issues made ; its effect was to suspend the first judgment (Code, §3569) ; it bound the property of the defendants to no greater extent than to prevent its alienation between that time and the signing of the judgment on the appeal. Code, §3581. It is expressly provided (Code, §4746) that bail may, at any time after forfeiture and before final judgment, surrender their principal in discharge of themselves from liability, upon payment of all costs accruing up to that time. This surrender may be made to the sheriff in vacation or in open court. Had the evidence tendered and rejected es-

tablished the facts it was offered to prove, then the·bail were relieved by these express enactments from all lia-bility, except the payment of the costs that had accrued up to that time.*

Judgment reversed.