## WILLIAMS *v.* THE STATE.

The clause in the act amendatory of the act creating the city court of Blakely, which provides "if the grand jury return a true bill for a misdemeanor in the matter [in a case which the city court binds over to the grand jury], the judge of the superior court shall transfer the same to the city court for trial" (Acts 1911, p. 230), is mandatory in its nature, and violative of the constitution in that it is an attempt to oust the superior court of its constitutional jurisdiction over the trial of misdemeanor cases, and also because there is a general law (Penal Code of 1895, § 752, as amended by Act of 1902, p. 59), leaving it discretionary with the judges of the superior courts in the transfer of indictments for misdemeanors to the city courts for trial, which can not be changed by special law applicable only to the city court of Blakely.

MAY 15, 1912.

Questions of constitutional law; from Court of Appeals. 4035.

The Court of Appeals desires the instruction of the Supreme Court on the following questions, to wit: "Is so much of the act approved August 18, 1911 (Acts 1911, p. 229), amending the act creating the city court of Blakely, as provides that where a defendant in the city court of Blakely demands an indictment by the grand jury and the judge of the city court thereupon allows the demand and binds the defendant over to the grand jury for action, and which provides that upon indictment by the grand jury for a misdemeanor the judge of the superior court shall return such indictment to the city court for trial, violative of the constitutional provision contained in article 2, section 4, of the constitution of Georgia, codified in section 6391 of the Civil Code of 1910, which provides that laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law; there being a general law of the State which leaves it discretionary with the judge of the superior court whether he shall transfer any case to the city court? Is the amendment of the law

creating the city court of Blakely above noted, which requires the judge of the superior court to transfer such indictment back to the city court for trial, mandatory or discretionary in character? Can the superior court by the local or special act in question be ousted of its constitutional jurisdiction in such criminal cases?"

*W. W. Wright,* for plaintiff in error.

*J. A. Laing, solicitor-general,* by *R. R. Arnold,* contra.

EVANS, P. J. In the act of 1911, amendatory of the act establishing the city court of Blakely, it is provided that if any defendant upon the original call of his case shall demand indictment by the grand jury, the court shall bind him over in a reasonable bond to answer to any true bill of indictment that may be returned by the grand jury against him, and that "If the grand jury return a true bill for a misdemeanor in the matter, the judge of the superior court shall transfer the same to the city court for trial." Acts 1911, p. 229. There can be no doubt that the clause was intended to be mandatory in its nature. Its express language, as well as its context, evince the legislative intent that all indictments against defendants bound over by the city court shall be transferred by the superior court to the city court for trial. Is it competent for the legislature to oust the superior court of its jurisdiction over misdemeanor cases pending in that court? The superior courts of this State are courts of general jurisdiction. The constitutional specification that in certain matters they shall have exclusive jurisdiction emphasizes the constitutional conception that the superior courts are to have general jurisdiction over all matters except such as may be expressly denied. "The superior courts have ever in our history been the great reservoir of judicial power—the aula regis, as it were, in which the judicial powers of the State were vested; and however other courts might be erected as a relief to it, to take cognizance of minor matters, the practice has been uniform to retain in this tribunal concurrent, and generally even supervisory power over them." *Porter* v. *State,* 53 *Ga.* 238. The constitution declares that "The judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have been or may be established by law" (Civil Code, § 6497); and that "All courts not specially mentioned by name in the first section of this article [Civil Code,

§ 6497] may be abolished in any county, at the discretion of the General Assembly." Civil Code, § 6549. Substantially the same provisions were in the constitution of 1868, and McCay, J., in the case just cited, said of them: "It follows from these two provisions that these several courts mentioned by name are the constitutional courts of the State. These courts are beyond legislative discretion. The legislature may create and abolish at its pleasure, but these tribunals have amongst them all judicial power by the very terms of the constitution itself. As to the superior court, certain powers are subsequently, in section 3, paragraph 2, declared to be exclusive in that tribunal. But it is plain that in the four tribunals mentioned in section first, the constitution vests, either exclusively or concurrently with such other courts as have been or may be established by law, jurisdiction over every matter of a judicial nature that can arise." The legislature in establishing a city court may confer on such court jurisdiction of causes cognizable in the superior court, where that jurisdiction is not declared by the constitution to be exclusive in the superior court, but it can not entirely divest the superior court of its constitutional jurisdiction. Any such legislative act violates the constitution and is of no avail.

So much of the act of 1911, amendatory of the act establishing the city court of Blakely, as requires the judge of the superior court to transfer to the city court for trial indictments for misdemeanors in cases where the city court has bound over the defendant to the grand jury is also violative of article 2, section 4, paragraph 1, of the constitution, viz.: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Civil Code, § 6391. It is provided in section 752 of the Penal Code of 1895, as amended by the act of 1902 (Acts 1902, p. 59), that "If an indictment is found by the grand jury, the judge of the superior court may in his discretion, either in term time or vacation, order it to be transferred, with all the papers in the case, to the county judge or city court." There is also another section (778) in the Penal Code of 1895, relating to the transfer of misdemeanor cases from the superior court to the city court for trial, viz.: "The judge of the superior court may send down from the superior court of that county all presentments

and bills of indictment for misdemeanors, to the city court for trial, the order transmitting to be entered on the minutes of both courts." It may be plausibly argued that section 778 refers only to city courts which may be established on the recommendation of the grand jury, and is not applicable to city courts like unto the city courts of Atlanta and Savannah, referred to in the constitution (Civil Code, § 6506), from which a writ of error lies to the Court of Appeals. Even concede this to be true, still we have section 752, as amended by the act of 1902, making express provision for the transfer of indictments for misdemeanors from the superior to the city court. This statute is territorially coextensive with the limits of the State, and general in its nature. While the constitution provides for the establishment of city courts without uniformity as to practice and jurisdiction, yet, as the subject-matter of section 752 relates to the general jurisdiction of the superior court over misdemeanor matters, the provision in the Blakely city-court act is to be regarded as special legislation upon a matter already provided for by the general law.

Neither of these sections of the Penal Code of 1895 is brought forward in the Code of 1910, but as the latter code contains nothing at variance with them, their omission is not to be regarded as an implied repeal of them.          *All the Justices concur.*