## SAMPSON *et al. v.* HARRIS, Governor.

ATKINSON, J. 1. The provision in section three of the act creating the city court of Thomasville, approved August 18, 1905 (Acts 1905, p. 383), that "the judge of the superior court may send down from the superior court of said county all presentments and bills of indictment for misdemeanors to said city court for trial; said order to be entered in the minutes of both courts," is a special enactment, and as such is violative of art. 2, sec. 4, par. 1, of the constitution (Civil Code, § 6391), which prohibits the enactment of a special law for which provision has been made by an existing general law; there being in existence, at the time of the enactment, the general law as contained in the Penal Code of 1895, § 752, as amended by the act of 1902 (Acts 1902, p. 59), providing: "If an indictment is found by the grand jury, the judge of the superior court may, in his discretion, either in term time or vacation, order it to be transferred, with all the papers in the case, to the county judge or city court. After giving ten days notice to the prosecutor and the accused, the county judge shall proceed to dispose of the case in the manner prescribed for cases in which no indictment has been demanded." *Williams* v. *State*, 138 Ga. 168 (74 S. E. 1083).

(a) No attack was made on the constitutionality of § 752 of the Penal Code of 1895, as amended by the act of 1902, supra.

(b) The provision in § 752, as amended by the act of 1902, supra, as to "ten days notice," relates to instances of transfer to county courts, and is not to be construed as applying in cases of transfer to city courts.

2. The provision above quoted from section 3 of the act creating the city court of Thomasville was similar to section 752 of the Penal Code of 1895, as amended by the act of 1902, supra, in so far as the same applies to the transfer of cases from the superior court to the city court, and indicated a legislative design that the general law upon that subject should apply in the transfer of such cases; and while, considered purely as a special enactment, the provision in the city-court act would be violative of the constitution, as indicated above, its absence would be supplied by the general law on the subject, which, considered as a part of the act creating the city court of Thomasville, would authorize the transfer of cases from the superior court to the city court of Thomasville as provided in the general law.

3. The judge did not err in overruling the demurrer to the scire facias, or in striking certain portions of the defendant's plea which in effect embraced the same questions raised by the demurrer.

4. Section 3 of the act creating the city court of Thomasville, supra, providing for the transfer of indictments and presentments in misdemeanor cases from the superior court to the city court of Thomasville for trial, provided also that said order be entered on the minutes of both courts. *Held*, that this provision is directory, and it is not essential to the jurisdiction of the city court that the order be entered on the minutes of that court as a condition precedent to the court's acquiring jurisdiction. *Coleman* v. *State*, 94 Ga. 85 (21 S. E. 124).

5. A written order was signed by the judge in open court, on October 28, 1915, as follows: "Ordered that all · misdemeanor indictments now pending in this court be and the same hereby are transferred to the city court of Thomasville, with all bonds and other pleadings connected therewith." *Held*, that this order was a sufficient transfer of the indictment in this case, which had been returned during the term and was then pending in the superior court.

6. The bond of the accused was dated October 21, 1915, and provided that "the above-bound Nick Sampson shall personally be and appear in the superior court now in session, said county, on Oct. 25th next." *Held*, that this provision, properly construed, bound the accused to appear at the court on October 25th during the term "now in session," and not to the term of the superior court that would convene in October of the next year.

(a) The case having been duly transferred to the city court, the sureties were bound for the appearance of the accused in that court. *Williams* v. *McDaniel,* 77 *Ga.* 4.

7. There was no error in any of the rulings on the admissibility of evidence; and the verdict for the plaintiff, being demanded, was properly directed by the judge.

*Judgment affirmed.   All the Justices concur.*

No. 51.   NOVEMBER 14, 1917.   REHEARING DENIED DECEMBER 14, 1917.

Forfeiture of recognizance.   Before Judge W. H. Hammond. City court of Thomasville.   June 21, 1916.

*C. E. Hay,* for plaintiffs in error.

*H. J. MacIntyre, solicitor,* and *Titus, Dekle & Hopkins,* contra.