### KING et al. v. RODGERS.

ATKINSON, J. A contractor instituted an action against the owners of certain real estate, to set up a lien, and to recover a general judgment for a specific amount as balance due under a contract for building a house on the premises. The defendants filed a plea denying any indebtedness to the plaintiff, and, by way of answer in the nature of a cross-petition, alleged that the plaintiff had cut timber and wood from certain lands of the defendants under a contract whereby the plaintiff had agreed to cut the timber and wood upon a percentage basis, and that he had breached the contract by failing to account and pay for the wood and timber cut, thereby damaging the defendant in a stated aggregate amount. Thereafter the plaintiff voluntarily dismissed his original petition, and filed an answer to the cross-petition; and the case proceeded to trial on the cross-petition and answer. This answer admitted the contract and the cutting of timber thereunder, but set up

payment by applying the proceeds to an indebtedness to the plaintiff and a third person, under a subsequent parol agreement between plaintiff and defendants. Upon the issues thus formed the jury returned a verdict specifying a certain amount due to the defendants for timber and wood cut, and a smaller specified amount declared to be due the plaintiff, and, deducting the one from the other, found a specified balance due to the defendants by the plaintiff. At the same term of court the judge entered a judgment called a "decree," intended to carry the verdict into effect. At the next term the plaintiff made a motion to amend the so-called "decree" in certain respects on the basis that it was broader than the verdict. The 'motion to amend was resisted by the defendants by motion to dismiss on the ground that the motion to amend came too late, and that it appeared from the pleadings in the case that the judgment was proper and the motion to amend was without merit. Upon consideration the court passed an order allowing the judgment to be amended as prayed; and the defendants excepted. *Held:*

1. The pleadings upon which the case was tried amounted merely to an action at law upon a contract for cutting timber, in which the issue was as to the amount due and whether paid. Owing to the nature of the case, the judgment allowing the amendment to the former judgment, as complained, was not a judgment in an equity case, so as to confer on the Supreme Court jurisdiction of the writ of error. Accordingly the case will be transferred to the Court of Appeals, which has jurisdiction under the constitution. Acts 1916, p. 19.

2. If the cross-demand set up in the answer, considered with the original petition, would have made an equitable case (which does not seem possible, both demands being ex-contractu: Civil Code, § 5521; *Cornett* v. *Ault*, 124 *Ga.* 944, 53 S. E. 460), the character of the case was entirely changed upon dismissal of the original petition by the plaintiff.

*All the Justices concur.*

No. 238. DECEMBER 14, 1917.

Motion to amend decree; from Muscogee.

*Hatcher & Hatcher,* for plaintiffs in error.

*A. W. Cozart* and *J. E. Chapman,* contra.