GUARANTEE TRUST AND BANKING COMPANY *v.* DICKSON.

FISH, C. J.  The plaintiff instituted an action in the superior court against the defendant.  The petition set forth several contracts between the parties, and on the basis of such contracts alleged that the defendant was indebted to the plaintiff in stated amounts, and in other amounts which could only be ascertained upon an accounting, and that the plaintiff was indebted to the defendant in stated amounts which should be credited against the amounts that should be found due the plaintiff on accounting.  The allegations presented a case of complicated accounts.  It was alleged in the petition that the plaintiff "asks for an accounting to be had of the defendant, to ascertain the true amount due on said account."  The prayers were, (1) that it be adjudged that the defendant is indebted to the plaintiff in a stated sum up to a stated date, together with interest thereon; (2) that the defendant be required to account to the plaintiff for the amounts due up to the hearing under certain of the contracts, together with interest thereon; (3) that the plaintiff have judgment against the defendant for whatever amount may be found due him on proper accounting; (4) that process issue requiring the defendant to be and appear at the next term of the court to answer plaintiff's complaint.  The petition made no reference to proceeding on the equity side of the court, or to the waiver of discovery, or to anything else than as stated above, to indicate whether the suit was intended to be brought at law or in equity.  The case was referred to an auditor, and to his report the defendant filed exceptions of law and fact.  The judge overruled the exceptions of law, disallowed the exceptions of fact, and entered up final judgment, without submitting such exceptions to the jury.  *Held:*

1. The case was an action at law.  Civil Code, § 5128; *Griffin* v. *Collins,* 122 *Ga.* 102 (7), 110 (49 S. E. 827), and cases cited.

(a) The case differs from that of *Wilson* v. *Granger,* 134 *Ga.* 680 (68 S. E. 514), where it appeared from the allegations of the petition and the amendments that the action was intended to be brought on the equity side of the court.

2. As this case was an action at law, and the Supreme Court being without jurisdiction to review the decision of the trial court, the case will be transmitted to the Court of Appeals, which has jurisdiction.  *Elkins* v. *Merritt,* 146 *Ga.* 647 (92 S. E. 51); *Sampson* v. *Harris,* 147 *Ga.* 426 (94 S. E. 558); *King* v. *Rodgers,* 147 *Ga.* 464 (2), 465 (94 S. E. 580).

*All the Justices concur.*

No. 551.  AUGUST 19, 1918.

Writ of error; from Fulton superior court.

*Tye, Peeples & Tye, Rosser, Slaton, Phillips & Hopkins,* and *Napier, Wright & Wood,* for plaintiff in error.

*Westmoreland, Anderson & Smith* and *Mark Bolding,* contra.