BARNARD *v.* DuPREE, agent.

1. Section 28 of the act approved August 20, 1913 (Acts 1913, p. 145), entitled, "An act to carry into effect in the City of Atlanta the provisions of the amendment to paragraph 1 of section 7 of article 6 of the constitution of the State of Georgia, ratified October 2d, 1912," etc., is not unconstitutional on the ground that it is a special law in a case for which provision is made by a general law.
2. Nor on the ground that it confers upon the clerk of the municipal court of Atlanta powers which are judicial in their character.

No. 1306. FEBRUARY 13, 1920. REHEARING DENIED FEBRUARY 24, 1920.

Certiorari. Before Judge Pendleton. Fulton superior court. November 19, 1918.

The defendant in error sued out an attachment against the plaintiff in error, and also instituted garnishment proceedings, the Atlanta National Bank being the garnishee. The affidavit upon which the attachment was issued was sworn to and subscribed be-

fore the deputy clerk of the municipal court of Atlanta. When the case came on for trial in that court a motion to dismiss the garnishment proceedings was made, upon the ground that the affidavit in the proceedings had been sworn to before the deputy clerk of the municipal court, and that the approval of the bond and issuance of the garnishment was by the deputy clerk of that court, and was therefore a mere nullity. The motion was overruled, and the certiorari sued out to have this ruling of the municipal court reviewed in the superior court was there overruled. The plaintiff in certiorari excepted, and raised certain constitutional questions for decision by the Supreme Court.

*Claude Brackett,* for plaintiff in error. *R. M. Cook,* contra.

BECK, P. J. (After stating the foregoing facts.) The constitutionality of section 28 of the act approved August 20, 1913 (Acts 1913, p. 145), entitled "An act to carry into effect in the City of Atlanta the provisions of the amendment to paragraph 1 of section 7 of article 6 of the constitution of the State of Georgia, ratified October 2d, 1912," etc., was attacked on the grounds that it was a special law with reference to matters which are covered by a general law; and that it conferred powers of a judicial character upon the clerk of the municipal court. Section 28 of the act in question reads as follows: "Be it further enacted by the authority aforesaid, that affidavits for attachment and garnishment may be made before any officer authorized by law to administer oaths, including commercial notaries public; but all bonds in such proceedings issuing out of said court shall be approved by the clerk of said court, or his deputies, and all attachments and summons of garnishment shall be issued by said clerk or his deputies, and bear test in the name of the chief judge of said court." It is insisted that the provision authorizing the clerk to issue attachment and summons of garnishment, and to attest the affidavits made before him for the purpose of having such attachment and summons issue, confers upon the clerk of the municipal court powers that are judicial in their character. In the case of *McWilliams* v. *Smith,* 142 *Ga.* 209 (82 S. E. 569), it was said: "The act of August 20, 1913 (Acts 1913, p. 145 et seq.), is not violative of art. 1, sec. 4, par. 1, of the constitution of 1877 (Civil Code of 1910, § 6391), as being a special law enacted in a case for which provision had previously been made by an existing general

law. The constitutional amendment of 1912 (Acts 1912, p. 30), which was adopted by the people, provided for the enactment of a law creating a court or courts or system of courts in cities of twenty thousand or more inhabitants." In view of the ruling there made and what was said in the course of the opinion, we conclude that the act under review here is not a special law in a case for which provision has been made by a general law.

As to the other ground of the exception to the act, we do not think the contention is sound that the duties imposed upon the clerk of the municipal court and the power there given him as to issuing attachment and summons of garnishment and taking affidavits are judicial in their character. Such duties may have some elements of a judicial nature, but they are more truly ministerial in character.

The court did not err in overruling the certiorari.

*Judgment affirmed. All the Justices concur.*