### 16653. FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* NORWOOD, ordinary, for use, etc., *et al.*

The allegations in the petition do not show such a separable cause of controversy between the plaintiff and the surety on the guardian's bond as would entitle the surety to remove the case to the United States district court.

DECIDED NOVEMBER 10, 1925.

Petition to remove cause; from Ben Hill superior court—Judge Crum. June 1, 1925.

*Jay & Garden, Underwood, Pomeroy & Haas,* for plaintiff in error.
*A. J. & J. C. McDonald,* contra.

BLOODWORTH, J. "J. I. Norwood, as ordinary of Berrien county,

Georgia, suing for the use of Robert Russell Branch in his individual capacity, and as next friend of Felix W. Branch," brought suit against W. D. Branch as "guardian of the person and property of Robert Russell Branch and Felix W. Branch," and the Fidelity and Deposit Company of Maryland as surety on the bond given by the guardian. The petition alleges that Robert Russell Branch has "arrived at the age of twenty-one years, and has demanded from him [the guardian] the money and estate in his hands belonging to him and the other ward;" that "the said William D. Branch has failed to account for or pay over the same to the said Robert Russell Branch or anyone for him," and "that by reason of the foregoing facts the said William D. Branch and the said Fidelity and Deposit Company of Maryland are indebted to your petitioner for the use of Robert Russell Branch in his individual capacity and as next friend of Felix W. Branch in the principal sum of $9,994.94," together with interest. The prayers of the petition are: "(*a*) that process issue requiring the said William D. Branch, individually and as guardian, and the Fidelity and Deposit Company of Maryland, to be and appear at the next term of this court; (*b*) that an accounting be had with said guardian; (*c*) that petition [petitioner?] have judgment for the use of Robert Russell Branch, individually and as next friend of Felix W. Branch, for principal, interest, and cost of this suit." The surety company filed a motion to remove the case to the district court of the United States upon the grounds of diversity of citizenship and separable controversy as to the surety company, a nonresident defendant. What happened in the further progress of the trial is thus stated in an order of the presiding judge: "There was presented to me at Cordele, in Crisp county, Georgia, in vacation, a petition by the defendant Fidelity and Deposit Company of Maryland, for the removal of the said case to the United States district court for the southern district of Georgia, Albany division, accompanied with bond as provided by law. When this petition was so presented, I approved the bond and passed an order on the petition, as is shown thereon. Not having the record before me at this time, I can not state the exact language of said order or its very provisions. My recollection is that in effect it was an order granting such removal, but subject to be revoked at the then approaching term of the Ben Hill superior court, which would open

so soon as the time fixed by law for its regular session should arrive, and I be present at the court-house in Fitzgerald, Ga., opening regularly said court. Upon the opening of the said term of said court counsel for the plaintiff presented me a written motion asking that the order so previously granted be revoked. An order was passed setting the same down for a hearing, which, by consent of counsel for both sides, was continued from time to time to suit their convenience. At and during the adjourned term of the said Ben Hill superior court, held and beginning on the 25th day of May, 1925 (the same being an adjourned term of the regular April term, 1925, of said court), counsel for both sides were heard on the said motion to vacate, and, after argument, the case was submitted to the court for determination at my convenience, with briefs to be submitted by both sides. Briefs for both sides having been received, after consideration of the case as made by the plaintiff's petition and the petition for removal, it is ordered, considered, and adjudged by the court that the order of the court passed on the said defendant's petition for removal be, and the same is, hereby vacated and set aside, and it is the judgment of the court that the plaintiff's petition does not make such a separate cause or controversy between himself and the petitioning defendant as that it is entitled to have said case removed for trial or cognizance in the Federal court, and that such petition for removal, although accompanied with a proper bond, should be denied." We agree with the conclusion reached by the trial judge. See Civil Code (1910), §§ 3054, 3055, 5128; *Paulk* v. *Ensign-Oskamp Co.,* 123 *Ga.* 467 (2) (51 S. E. 344); *Guarantee Trust & Banking Co.* v. *Dickson,* 148 *Ga.* 311 (96 S. E. 561); *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538); *Griffin* v. *Collins,* 122 *Ga.* 102 (7), 110 (7) (49 S. E. 827).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*