## 28024. MARIETTA BROADCASTING COMPANY, INC. v. ADVANCE MARKETING RESEARCH, INC. et al.

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 6, 1973.

*William P. Holley, Roy E. Barnes,* for appellant.
*Ira S. Zuckerman, Marvin O. Nodvin,* for appellees.

MOBLEY, Chief Justice. ■ Notice of appeal was filed in two garnishment cases in the State Court of Cobb County. The plaintiff in each case, the appellee here, is Advance Marketing Research, Inc., t/a Sales Consultants of Atlanta. Marietta Broadcasting Company, Inc. (WBIE), the appellant here, is defendant in one case and garnishee in the other case. The appeal is from the dismissal of the appellant's motion to quash in one case, and the dismissal of its affidavit of illegality in the other case.

The appellee has filed a motion to dismiss the appeal. The first contention is that no legal notice of appeal has been filed because the appellant has attempted to appeal two judgments arising out of two separate cases.

Code Ann. § 6-811 (Ga. L. 1965; pp. 18, 30; Ga. L. 1968, pp. 1072, 1075) provides that "where two or more cases are tried together, the plaintiffs or defendants, as the case may be, shall be entitled . . . to file joint appeals . . . without regard to whether the parties have a joint interest, or whether the cases were merely consolidated for purposes of trial, or whether the cases were simply tried together without an order of consolidation."

The record contains separate transcripts of the hearings in the two cases. The hearing in one case immediately followed the other. The trial judge in one order, entitled in both cases, recited that the appellant's motion to dismiss in one case, and its motion to quash in the other case had been denied, and that the orders were

certified for immediate review. This order of the trial judge indicates that the cases were "tried together," as that term is used in Code Ann. § 6-811. The appellant was therefore entitled to file a joint appeal in the two cases.

The appellee points out other deficiencies in the appeal. However, we find no such breach of the rules of this court as would require a dismissal of the appeal.

■ In the garnishment case in which the appellant is garnishee, a default judgment had been entered against the garnishee, but no levy had been made. The appellant filed an affidavit of illegality, which was dismissed by the trial judge.

"No affidavit of illegality shall be received by any sheriff, or other executing officer, until a levy shall have been made." Code § 39-1003. Dismissal of the affidavit of illegality was proper, since no levy had been made. *Robbins v. Kinman,* 117 Ga. 46 (169 SE 304); *Lenett v. Lutz,* 215 Ga. 369, 370 (110 SE2d 628); *Carter v. Alma State Bank,* 34 Ga. App. 766 (131 SE 184).

■ In the case in which the appellant is defendant, the appellant filed a motion to quash which alleged that the affidavit in the garnishment proceeding was made before a notary public, and that this is contrary to the general law found in Code Ann. § 71-109 (Ga. L. 1947, pp. 1109, 1111) and Code § 46-102, as amended by Ga. L. 1964, p. 220. It was asserted that a provision of an Act applicable to the State Court of Cobb County (formerly the Civil and Criminal Court of Cobb County), which permits an affidavit for garnishment to be made before any officer authorized to administer oaths (Ga. L. 1968, pp. 2948, 2949), violates the Constitution, Art. I, Sec. IV, Par. I (Code Ann. § 2-401), which provides that laws of a general nature shall have uniform operation throughout the state, and no special law shall be enacted in any case for which provision has been made by general law. The trial judge, after hearing, denied the motion to quash.

The State Court of Cobb County (formerly the Civil and Criminal Court of Cobb County) was created under the provisions of the Constitution, Art. VI, Sec. VII, Par. I (Code Ann. § 2-4201). See Ga. L. 1964, p. 3211. The Constitution (Code Ann. § 2-4201) authorizes the General Assembly to make "provisions as to rules and procedure in such courts."

In *Barnard v. DuPree,* 149 Ga. 796 (102 SE 422), it was held that a provision of the 1913 Act creating the Municipal Court of Atlanta, authorizing a different procedure in garnishment proceedings from that provided in the general law, did not violate the

constitutional prohibition against the enactment of a special law for which provision had been made by general law, since the court was created under the constitutional amendment to the Constitution of 1877 authorizing the creation of such courts. The constitutional amendment under which the Municipal Court of Atlanta was created is almost identical with the present constitutional provision (Code Ann. § 2-4201) under which the State Court of Cobb County was created, and the ruling in *Barnard v. Dupree* is controlling in the present case. See also *Deason v. DeKalb County*, 222 Ga. 63, 66 (148 SE2d 414).

It was not error to deny the appellant's motion to quash.

*Judgment affirmed. All the Justices concur.*