30459. SELLERS et al. v. HOME FURNISHING
COMPANY, INC. et al.
30460. CHATHAM COUNTY HOSPITAL
AUTHORITY v. SELLERS et al.

HALL, Justice.

Appellants brought suit for a declaratory judgment and permanent injunction on behalf of themselves and all others similarly situated seeking to have various default judgments rendered against them in the Municipal Court of Savannah in favor of the named defendants declared void on the ground that process and procedure did not comply with the Civil Practice Act. Appellants ask that an injunction issue restraining the Clerk of the Municipal Court from issuing any summons that does not comply with the CPA; that the CPA be declared applicable to all cases in the municipal court including those involving not more than $500, exclusive of interest, attorney fees and costs, or in which the value of the property in dispute, exclusive of hire, does not exceed $500; and that those portions of the Municipal Court of Savannah Act which establish procedures different from the CPA in the above small claims categories be declared unconstitutional. This is an appeal from a final order denying appellants the relief sought in their petition. The eight page opinion order of the trial court sets forth in substance what we hold to be the law of these issues.

1. The Municipal Court of Savannah was created in 1914 (Ga. L. 1914, p. 124) under the provision of the Constitution of 1877, as amended, which is now found in the 1945 Constitution (Code Ann. § 2-4201). This constitutional provision authorizes the General As-

sembly to abolish justice courts in cities of 20,000 population and counties within which there is a city of 20,000 population and to establish in lieu thereof a new court with justice court's jurisdiction together with such additional jurisdiction as may be provided by law under the Constitution. It also authorizes the General Assembly to provide the rules and procedures for the new court and exempts any court so established from the uniformity requirements of the Constitution found in Code Ann. § 2-4401.

In 1969, the General Assembly amended the Municipal Court of Savannah Act in several instances, two of which are relevant to the issue here. Ga. L. 1969, p. 2857. One establishes different procedural rules from those of the CPA in cases involving $500 or less. The other provides that the court ". . . shall be a Court of record and shall have a seal, minutes, records, and other books and files that are required by law to be kept by the Superior Court, insofar as the jurisdiction . . . may render the same necessary; . . ." Assuming but not deciding that this court is now a court of record, the CPA would normally be applicable to all rules of procedure and practice in the Municipal Court of Savannah absent the specific provisions of the 1969 Act noted above. Code Ann. § 81A-101. The appellants contend that the exceptions contained in the 1969 Act are in derogation of a provision of the Constitution (Code Ann. § 2-401) which prohibits the enactment of a special law "for which provision has been made by an existing law." We disagree.

This court has consistently held that Code Ann. § 2-401 is inapposite here for the reason that a section 2-4201 court is created under the constitution with specific authorization to the General Assembly to enact procedural rules for each court that it creates under this provision. *Marietta Broadcasting Co. v. Advance Marketing Research,* 231 Ga. 13 (200 SE2d 134) (1973); *Barnard v. DuPree,* 149 Ga. 796 (102 SE 422) (1916); *McWilliams v. Smith,* 142 Ga. 209 (82 SE2d 569) (1914). The 1969 Municipal Court of Savannah Act being subsequent to the 1966 CPA, is the last expression of the General Assembly on this subject and supercedes the application of the CPA with regard to the specific

procedural rules contained therein for cases involving not more than $500.

2. Appellants further contend that any classification by the General Assembly of procedural rules based upon the amount in controversy denies poor persons equal protection of the laws under the Georgia and Federal Constitutions. They contend that the Act discriminates against the poor since the poor are more likely to be sued in amounts of $500 or less. This, in substance, argues that a state must provide the same elaborate rules for small claims courts as for those of general jurisdiction. We reject the contention. As the trial court stated in its order, "The classification in the instant case is based upon the amount in controversy involved in the dispute; the wealth of either party plays absolutely no role in determining which procedure is to be applied." The equal protection clause does not "exact uniformity of procedure. The legislature may classify litigation and adopt one type of procedure for one class and a different type for another." Dohany v. Rogers, 281 U. S. 362, 369 (1930). See also Lindsey v. Normet, 405 U. S. 56 (1972); *Fortson v. Weeks,* 232 Ga. 472, 489—492 (208 SE2d 68) (1974); *Wilder v. State,* 232 Ga. 404 (207 SE2d 38) (1974).

The need for uniform rules of practice and procedure is unquestioned, and the General Assembly made a great step in this direction by adopting the CPA and making it applicable to all courts of record. It is unfortunate that there is no uniformity of procedure in the various small claims courts throughout the state; however, under our Constitution, the remedy rests in the hands of the General Assembly.

The trial court did not err in denying the relief sought by the appellants.

*Judgment affirmed in No. 30459; cross appeal in No. 30460 moot and therefore dismissed. All the Justices concur.*

Argued November 10, 1975 — Decided January 7, 1976.

*Charles Baird, Phyllis J. Holmen, Steven Gottlieb,* for Sellers et al.

*Anton F. Solms, L. W. Childs,* for officers of Municipal Court of Savannah.

*Hunter, Houlihan, Maclean, Exley, Dunn & Connerat, Malcolm R. Maclean, Charles A. Edwards, Olaf N. Otto,* for Home Furnishing Co., Inc., et al., and Chatham County Hosp. Auth. d/b/a Memorial Hosp.