## 51691. HORNE et al. v. COOPER.

CLARK, Judge.

Judges and lawyers face pitfalls when handling matters arising in local courts created by statute because frequently the lawmakers provide special procedures. The instant case presents an example. When defendants (appellants) lost their case in the Small Claims Court of Jeff Davis County, they took an appeal to the superior court. In sustaining a motion by the plaintiff adversary to dismiss that appeal the trial judge entered an order which read in part: "Plaintiff's motion to dismiss defendants' appeal having been considered, along with the record in the above matter, same is hereby dismissed." (T. 12). After defendants were unsuccessful in their motion to set that ruling aside, "or in the alternative for a new trial," this appeal followed.

The General Assembly has the power to prescribe regulations which govern appeals to the superior court. *Kirkman v. Gillespie,* 112 Ga. 507 (37 SE 714). The statute (Ga. L. 1970, pp. 2296—2306) under which the Small Claims Court of Jeff Davis County was created mandated a special procedure for appeals. Section 20 at page 2303 reads: "Appeals may be had from judgments rendered in a small claims court, to the superior court, by the party desiring to appeal. Said party shall first pay all costs then due. Said party must then file in the superior court a written appeal which shall include the name and number of the case in the small claims court stating his grounds for appeal, which grounds must first be heard before the judge of the superior court. If after a full hearing the grounds for appeal are denied, said party shall have the right to appeal to a higher court in the same manner as other decisions of the superior court are appealed."

When counsel for appellants failed to appear at the date scheduled for argument on the dismissal motion, the trial judge limited his consideration to a review of the record. Generally, this would be proper procedure. But here the legislature had decreed otherwise. Three necessary steps were legislated: (1) the appeal itself must state the grounds; then (2) such "grounds must first be heard before the judge of the superior court"; and (3) a

further appeal could be had only "after a full hearing."

Because the mandatory procedures were not followed, we remand the case for the purpose of compliance therewith.

*Remanded with direction. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JANUARY 13, 1976 — DECIDED FEBRUARY 26, 1976.

*Boatright & Boatright, J. Laddie Boatright,* for appellants.

*Miles & McCoy, Peyton Miles,* for appellee.