## 55432. CRITZ BUICK, INC. v. ALIOTTA.

BELL, Chief Judge.

Plaintiff brought this suit in the Municipal Court of Savannah to recover damages for fraud against defendant "Critz Buick, Inc." Defendant failed to answer within the time prescribed by law and the court without a jury entered a default judgment for plaintiff. Thereafter, defendant filed a motion to set aside the default judgment. This motion was denied, and the defendant appeals. *Held:*

1. Defendant contends that the judgment was void as there was a failure to comply with CPA § 55 (a) (Code Ann. § 81A-155 (a)) which requires that the plaintiff in an action ex delicto establish the amount of his damages before a jury in the case of default. This provision of the Civil Practice Act is in conflict with a 1970 local statute which amended the Municipal Court of Savannah Act. The latter provides in Section 6 that unless an issuable defense and a jury trial demand are filed in writing before the call of the case for trial, the court shall hear and determine all issues of law and fact without the intervention of a jury. Ga. L. 1970, p. 2314. The Savannah Municipal Court was declared to be a court of record by section 2 of the Act of April 18, 1969. Ga. L. 1970, pp. 2857, 2859. The Civil Practice Act governs the procedure in courts of record. CPA § 1 (Code Ann. § 81A-101). Defendant argues that *Pittman v. McKinney,* 135 Ga. App. 192 (217 SE2d 446) and *Gooden v. Blanton,* 140 Ga. App. 612 (231 SE2d 541) are dispositive as these cases hold that where a provision of a special Act establishing a court of record conflicts with a provision of the Civil Practice Act, the latter controls. However, these cases do not apply here. In *Sellers v. Home Furnishing Co.,* 235 Ga. 831 (222 SE2d 34), the Supreme Court considered a provision of the 1969 amendment

establishing this court which pertained to claims under $500 and which set up procedure at variance with the Civil Practice Act. It held after assuming that it was a court of record, that the legislature had specific constitutional authority under then Code § 2-4201, which is now Code § 2-3601, for enacting special rules of procedure applicable only to this particular court. It was further held in *Sellers* that since the 1969 Municipal Court of Savannah Act was the "latest expression" of the General Assembly on this subject, it superseded the application of the 1966 Civil Practice Act. The *Sellers* decision will control here as the 1970 amendment authorized a variance with the 1966 Civil Practice Act with reference to CPA § 55(a), supra, and therefore was the "latest expression" of the General Assembly. See *Johnson v. Barnes,* 237 Ga. 502 (229 SE2d 70) for another application of this "later in time" principle with reference to courts that come within the 1970 State Court Act. Ga. L. 1970, pp. 679, 680. (The Municipal Court of Savannah does not fall within the provisions of the State Court Act.) The trial court correctly held that the judgment was valid and that CPA § 55 (a) supra, did not apply.

2. In support of its motion to set aside the judgment, the affidavit of the president of "Dale Critz, Inc." and "Critz Buick Company" was submitted. He averred that there was no legal entity in Savannah, Chatham County, Georgia known as "Critz Buick, Inc." This affidavit and the trial court's order show that "Critz Buick Company" and "Dale Critz, Inc." are two separate corporate entities. In its order denying the motion to set aside, the trial court amended the original judgment entered against "Critz Buick, Inc." nunc pro tunc to change the name of the defendant to "Dale Critz, Inc." Consequently, by amending the judgment in this manner, the trial court in effect substituted another party as the defendant over which it obviously had never acquired any jurisdiction and a judgment against "Dale Critz, Inc." is void. *Lamas Co. v. Baldwin,* 120 Ga. App. 149 (169 SE2d 638). It was error to amend the judgment in this respect and we reverse that part of the judgment.

3. No ruling of the trial court was ever invoked on the question of whether "Critz Buick, Inc." was a legal entity

against whom a valid judgment could be obtained and we do not decide that issue.

*Judgment affirmed in part and reversed in part. Shulman and Birdsong, JJ., concur.*

SUBMITTED FEBRUARY 27, 1978 — DECIDED APRIL 28, 1978.

*Bouhan, Williams & Levy, Paul W. Painter, Jr., John G. Lientz,* for appellant.

*Lee & Clark, Steven E. Scheer,* for appellee.

SHULMAN, Judge. Addendum.

I reluctantly agree with the result reached by the majority in this case that the Supreme Court's decision in *Sellers v. Home Furnishing Co.,* 235 Ga. 831 (222 SE2d 34) controls. I must, however, reiterate the position expressed by Justice Hall at the end of his opinion in that case and also protest the perpetuation of the myriad of procedural rules embodied in local laws creating the various courts of limited jurisdiction.

While the procedure, pleading and practice in the superior courts generally apply to the Municipal Court of Savannah (see Ga. L. 1970, pp. 2314, 2315, § 6), the legislature has provided certain deviations which govern the instant case. In my opinion, this practice is inconsistent with the laudatory purposes of the Civil Practice Act. The Civil Practice Act was devised and intended, with certain exceptions, to provide a uniformity of procedure in all courts of record. Code Ann. § 81A-101.

The lack of uniformity in the procedural rules in local courts often results in confusion. See, e.g., *Horne v. Cooper,* 137 Ga. App. 793 (225 SE2d 89). A lawyer preparing a case in a court created by the General Assembly is put to the onerous task of researching the Act originating the court and later legislative pronouncements in order to insure compliance with its procedural rules.

In my opinion, the promotion of the efficient and orderly administration of justice would be better served by providing for uniform application of the Civil Practice Act to all courts of record in this state. This issue ultimately

addresses itself to the General Assembly.