## 55884. THE STATE v. RAMSEY.

QUILLIAN, Presiding Judge.

The defendant was accused of theft by taking on August 17, 1977. She filed a demand for trial November 30, 1977, with the special permission of the judge of the State Court of Fulton County. On January 30, 1978, after the defendant was not tried in either the November or December term of the state court, during which terms there were juries impaneled and qualified to try her, the court granted defendant's motion for discharge. The state appeals. *Held:*

Generally, a defendant who demands trial in accordance with Code § 27-1901 must be tried at the term in which the demand is made or the next regular term thereafter, provided there were juries impaneled and qualified to try him, or "he shall be absolutely discharged and acquitted of the offense charged in the indictment." The defendant contends she comes within the parameters of this Code section and should have been discharged.

The state argues that they are entitled to rely upon the laws which founded the precursor to the current State Court of Fulton County — the Civil and Criminal Courts of Fulton County. (See City Court of Atlanta, Ga. L. 1871-1872, p. 57; Criminal Court of Atlanta, Ga. L. 1890-1891, p. 935; as amended, Ga. L. 1976, pp. 3019, 3020). The last revision of these laws in 1976, provides in part: "If such person shall not be tried at the term when the demand is made, or *within the next two succeeding regular terms* thereafter" he is entitled to be discharged. (Emphasis supplied.) Therefore, they contend that this last expression of the legislature is controlling and the court exceeded its authority when it dismissed the defendant on the last day of the second term following the term in which she demanded trial.

At first glance it would appear that the defendant should prevail. The Georgia Constitution provides that "[l]aws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Art. I, Sec. II, Par. VII (Code Ann. § 2-207). Code § 27-1901 is a general law providing a

uniform method of exercising a defendant's right to trial or discharge of the crime charged in an indictment. *Williams v. State,* 140 Ga. App. 505 (231 SE2d 366); *Williams v. State,* 138 Ga. 168, 170 (74 SE 1083).

The laws establishing the Civil and Criminal Courts of Fulton County, now the State Court, were special enactments. *Sampson v. Harris,* 147 Ga. 426 (1) (94 SE 558). Code § 27-1901, the general enactment, preceded the special enactment of the Criminal Court — now the State Court, which provides for the three term dismissal rule. And, where there is a conflict between the provisions of the general statute and a subsequent special statute, the general statute prevails. Code Ann. § 2-207; *City of Atlanta v. Wilson,* 209 Ga. 527, 529 (74 SE2d 455).

Furthermore, Code Ann. § 24-2107a (Ga. L. 1970, pp. 679, 681) provides that "[t]he rules of practice and procedure that are applicable to the superior courts of this State shall be the rules which govern practice and procedure of the courts which come under the provisions of this Chapter [Chap. 24-21A]." This includes the state courts of the State of Georgia. See *Marler v. C. & S. Bank of Milledgeville,* 239 Ga. 342, 344 (236 SE2d 590) (special concurrence).

However, the Civil and Criminal Courts of Fulton County were established by the General Assembly under the authority of the Georgia Constitutions of 1868 and 1877. That authority is now contained in Code Ann. § 2-3601 (Art. VI, Sec. VII, Par. I) (formerly Code Ann. § 2-4201 under the Georgia Constitution of 1945). The Supreme Court held that "Code Ann. § 2-401 [now Code Ann. § 2-207, supra] is inapposite here for the reason that a section 2-4201 court [now 2-3601 court] is created under the Constitution with specific authorization to the General Assembly to enact procedural rules for each court that it creates under this provision." *Sellers v. Home Furnishing Co.,* 235 Ga. 831, 832 (222 SE2d 34).

As the 1976 enactment is the "last expression of the General Assembly on this subject" it supersedes the application of the general procedural rule as to the State Court of Fulton County. Id. *Critz Buick, Inc. v. Aliotta,* 145 Ga. App. 805, 806 (245 SE2d 56). Thus, the State Court of Fulton County is required to follow the "last expression of

the General Assembly" whether it is a special enactment (*Sellers v. Home Furnishing Co.,* 235 Ga. 831, 832, supra) or a general enactment (*Johnson v. Barnes,* 237 Ga. 502, 506 (229 SE2d 70). Under the above authority we are constrained to hold that the trial court erred in discharging the defendant as it exceeded its authority.

*Judgment reversed. Webb and McMurray, JJ., concur.*

ARGUED JUNE 7, 1978 — DECIDED SEPTEMBER 11, 1978.

*Hinson McAuliffe, Solicitor, Frank A. Bowers, George M. Weaver, Assistant Solicitors,* for appellant.
*Joe Salem,* for appellee.