## 56138. CHURCH INVESTORS, INC. v. AETNA INSURANCE COMPANY.

SHULMAN, Judge.

Appellant's property (a computer tape insured at the time of loss by a policy issued by appellee) was damaged while in use at a place other than appellant's business premises. The sole issue presented in this appeal is whether the amount owing under the policy is subject to a contract provision limiting recovery to a stated percentage (10%) of the policy limits or whether the insured is entitled to recover the full policy limit ($8,000). The trial court, in an order granting summary judgment, found in favor of the insured and awarded $800 for the loss

sustained in accordance with the contract recovery limitation provision. We agree with the trial court and, accordingly, affirm the judgment.

The contract clause which is the subject of this litigation provides as follows:

"4. Protection of Valuable Papers and Records. Insurance under this endorsement shall apply only while valuable papers and records are contained in the premises described above, it being a condition precedent to any right of recovery hereunder that such valuable papers and records shall be kept in the following described receptacles at all times when the premises are not open for business, except while such valuable papers and records are in actual use or as stated in Paragraphs 5 and 6 below: [description of receptacles].

"5. Automatic Extension. Such insurance as is afforded by this endorsement applies while the valuable papers and records are . . . temporarily within other premises, except for storage, provided the Company's liability for such loss shall not exceed 10% of the combined limits of insurance stated . . . $5,000,whichever is less."

Paragraph 6 provides for coverage during removal, storage, and return of valuable papers and records because of "imminent danger of loss."

Appellant insured would have us read Paragraph 4 as follows: "Insurance under this endorsement shall apply only while valuable papers and records are contained in the premises. . . except while such valuable papers and records are in actual use." He submits that the loss occurred while the computer tape was in actual use and that this loss, although admittedly not on the premises, is subject to the exception to the requirement that full coverage is afforded only when the loss occurs on the premises. We reject this construction.

The policy is clear and unambiguous. The exception in Paragraph 4 affords full coverage for a loss occurring on the premises when the premises are not open for business and when papers and records are in actual use (therefore not in the designated receptacles). The loss suffered in this case was within the extended coverage of Paragraph 5 and not Paragraph 4.

*Judgment affirmed. Bell, C. J., and Birdsong, J.,*

*concur.*

SUBMITTED JUNE 26, 1978 — DECIDED SEPTEMBER 21, 1978 —
REHEARING DENIED OCTOBER 12, 1978.

*Parker, Johnson & Cook, Kirk W. Watkins, Robert F. Cook,* for appellant.

*Henning, Chambers & Mabry, Lawrence J. Hogan,* for appellee.