## 56718. DEPARTMENT OF TRANSPORTATION
### v. RIDLEY et al.

SHULMAN, Judge.

On November 9, 1977, the Department of Transportation filed a condemnation proceeding pursuant to Code Ann. Ch. 95A-6 against certain land belonging to Grace Ridley, her infant daughter Kathy, and her adult son Robert. On November 10, 1977, three copies of the condemnation petition and declaration of taking were delivered to Grace Ridley personally at the place of abode of the appellees-condemnees. On January 12, 1978, the condemnees filed a notice of appeal.

The sole issue presented in this interlocutory appeal is whether attempted service on Robert Ridley, an adult/condemnee, by leaving a copy of the condemnor's petition and declaration of taking at the condemnee's usual place of abode with a person of suitable age and discretion who resided therein, was such service as triggered the Code Ann. § 95A-610 30-day limitation period for filing notices of appeal.

The trial court held that the filing of notice of appeal was timely because attempted service was insufficient to commence the 30-day time limitation period, and, under the authority of *Knight v. D.O.T.*, 134 Ga. App. 332 (2) (214 SE2d 418), denied appellant-condemnor's motion to dismiss the appeals. We agree with the trial court and affirm the ruling.

1. Code Ann. § 95A-610 provides in pertinent part as follows: "If the owner, or any of the owners, or any person having a claim against or interest in said property, shall be dissatisfied with the compensation. . .such person or persons, or any of them shall have the right. . .not later than 30 days following the date of service as provided for in section 95A-606, to file with the court a notice of appeal. . ."

Under the plain wording of § 95A-610, notices of appeal must necessarily be filed "not later than 30 days after the date of service *as provided for by the statute* [i.e., Code Ann. § 95A-606]." *Knight v. D.O.T.*, supra, p. 336.

The method of service applicable in the instant case is contained in § 95A-606 (a): ". . .the petition and

declaration shall be served. . .personally. . ." the attempted service involved herein, i.e., leaving a copy of the petition and declaration of taking at the condemnee's usual place of abode with a person of suitable age and discretion residing therein does not satisfy the personal service requirements of Code Ann. § 95A-606. See, e.g., *Robinson v. Bryson & Sons,* 45 Ga. App. 440 (165 SE 158).

2. Appellant argues that the service effected herein comported with Code Ann. § 95A-606. In support of this argument, appellant construes the language in Code Ann. § 95A-606 to provide that the "petition and declaration shall be served. . .personally. . .as in other cases" and argues that the attempted service in the instant case was in accord with authorized service under Code Ann. § 81A-104 (d) (7). We reject this argument.

Code Ann. § 95A-606 (a) provides as follows: "Where the owner or owners of such property, or any person having a claim against or interest in the same, are residents of this State, the petition and declaration shall be served upon such persons personally and, in cases where such persons are residents of this State but not of the county in which such property is located, such service shall be by second original, as in other cases."

The phrase "as in other cases" does not modify personal service. Rather, the phrase refers to second original service. See, e.g., *D.G.D. v. State of Ga.,* 142 Ga. App. 266 (235 SE2d 673), and *Church Investors, Inc. v. Aetna Ins. Co.,* 147 Ga. App. 485 (249 SE2d 302), involving contract construction. Therefore, as appellant's premise is faulty, the conclusion that service herein was consonant with Code Ann. § 95A-606 does not follow.

3. Appellant maintains, citing *Navaho Corp. v. Stuckey,* 141 Ga. App. 271 (233 SE2d 217) and Code Ann. § 81A-104 (i), (j), that the service provisions of Code Ann. § 95A-606 included the provisions of Code Ann. § 81A-104 (d) (7) by operation of law. It is submitted that the attempted service in this case, accomplished pursuant to § 81A-104 (d) (7), necessarily was such service "as provided for in section 95A-606." We must take issue with this position.

While alternative methods of service under the Civil Practice Act have been held to be available in lieu of

special statutory service provisions (see *DeKalb County v. Chapel Hill, Inc.,* 232 Ga. 238 (205 SE2d 864)), methods of service under the Civil Practice Act are not proper in the instant case. Unless we are to hold the following language in Code Ann. § 95A-606 to be surplusage, the limitation period for filing runs from "the date of service *as provided for in section 95A-606.*" (Emphasis supplied.) We hold the specific reference to § 95A-606 to mean that service perfected under Code Ann. § 81A-104 (i) (Ga. L. 1966, pp. 609, 615, as amended by Ga. L. 1967, pp. 226, 249; Ga. L. 1972, pp. 689, 691, 692) and § 81A-104 (j) (Ga. L. 1972, pp. 689, 692, effective July 1, 1972) will not trigger the filing period under § 95A-610 (Ga. L. 1973, pp. 947, 1017, effective July 1, 1973). As to the interplay between Code Ann. § 81A-104 (i) and (j) and Code Ann. § 95A-606 and 610, see *Critz Buick, Inc. v. Aliotta,* 145 Ga. App. 805 (1) (245 SE2d 56) setting forth a "latest expression" rule. As to legislative intent, see Code Ann. § 95A-602 declaring that "[a]ll acquisitions of property for public road and other transportation purposes shall proceed under the method set out in this Chapter and in Title 36. . ." As to the effect of this language absent the latest expression of intent, see *General Accept. Corp. v. Bishop,* 126 Ga. App. 421 (190 SE2d 825), holding that the Civil Practice Act is inoperative as to a special statutory proceeding only if the special statute expressly prohibits application of the CPA. Thus the cumulative service provisions of CPA § 4 (i) and (j) are inoperative here and the law as to condemnation service requirements remains unchanged by Code Ann. § 81A-104 (i) and (j). As to the law concerning condemnation service requirements, see *Chattooga County v. Scott,* 215 Ga. 68 (1) (108 SE2d 876).

4. Code Ann. § 81A-104 (i) and (j) evidence a legislative determination that the establishment of uniform service procedures is desirable. These subsections also represent a determination that uniformity is not to be achieved without some compromise: under § 81A-104 (i) and (j) service in accordance with the CPA is deemed to satisfy special statute requirements even when such service affords less notice than the method of service prescribed in the special statute.

While this writer would prefer to implement the mandate of Code Ann. § 81A-104 (i) and (j) by holding those subsections applicable to service in condemnation proceedings, that avenue has been foreclosed by the legislature. By later expression, and undoubtedly for particular reasons, the legislature has seen fit to deviate from Code Ann. § 81A-104 (i) and (j) by providing special service requirements in condemnation proceedings. This is properly a legislative decision.

This writer, however, must again express his deep concern. See *Critz Buick v. Aliotta,* supra (Addendum). This legislation will create even more confusion as to the interplay between the CPA and statutory procedures. Lawyers are advised to rely on the plain language of Code Ann. § 81A-104 (i) and (j) at their peril. An already complex situation has become more complicated, and another unnecessary burden has been placed on the litigants and the courts.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED OCTOBER 10, 1978 — DECIDED JANUARY 25, 1979 — REHEARING DENIED FEBRUARY 9, 1979 — ▮

*Mitchell, Coppedge, Boyett, Wester & Bates, Warren N. Coppedge, Jr., Marion O. Gordon, Senior Assistant Attorney General, Bruce M. Edenfield, Assistant Attorney General,* for appellant.

*Little & Adams, Robert B. Adams,* for appellees.